## OSMOND S. GREEN vs. JOHN FININ.

A parol contract for the sale of lands will be enforced in equity, where possession has been delivered and held, and especially if the vendee has paid a part or all of the purchase money and has made improvements upon the estate.

In 1842 *P* agreed by parol to sell a piece of land to *F*, who entered into possession and made improvements, and from time to time made small payments toward the price. In 1848 *P* conveyed the land to *G*, for the unpaid balance due from *F*, he agreeing to carry out the arrangement with *F*, and it being understood that *F* would labor for *G* from time to time on account of the debt. *F* continued to occupy the land and make valuable improvements upon it down to 1864, having labored frequently for *G*, but it not appearing whether any of his earnings had been applied on the price of the land. In 1864 he offered to pay *G* whatever balance was due, and demanded a deed of the land, which *G* refused to give. Held, on a proceeding in equity to compel *G* to convey, that *F* had not lost his right to the aid of chancery by his delay.

BILL for an injunction to restrain the respondent from committing waste upon land of the petitioner in his possession, with a cross-bill praying that the petitioner be compelled to convey the land in question to the respondent. The following facts were reported by a committee to whom the case was referred.

The premises in dispute belonged in 1842 to Lyman Page, and during the year 1842 it was agreed by parol between Page and Finin that Page should sell the premises to Finin for $200. In pursuance of this agreement Finin entered into possession and made improvements by clearing up portions of the land, erecting fences, and building a shanty and a shelter for cattle. No precise agreement was made as to the time of conveyance, but the understanding of the parties was that the conveyance should be made when the price should be paid, and when Finin should become naturalized or otherwise capable of holding real estate. Page continued the owner of the property until December 15, 1848, and he always recognized the right of Finin to a conveyance under this agreement, and from time to time received payments towards the price of the place, so that on said December 15, 1848, the amount due under the contract was $140, and the value of the place had then increased, partly by improvements, but chiefly by the growth of the wood, to about five hundred dollars.

On the 15th of December, 1848, Page deeded the premises to Green, by an absolute deed, and received therefor $140. Finin was continuing in possession, and Green was fully acquainted with the terms under which that possession was held, and the deed was given and received with the understanding on the part of Green, Page and Finin, that Green was to take the place of Page, and to carry out the agreement to convey in the same manner that Page was to do, but of this understanding there was no written memorandum, and the proof of it was by parol. Under this understanding Finin continued in possession of the premises to the time of the trial, paying no rent, and none being asked of him.

It was not found that any payment had ever been made by Finin to Green for the premises, or on account of the $140

paid by Green for the place. At the time of the arrangement in 1848 it was expected by both parties that Finin would labor for Green, and pay for the premises in whole or in part by labor, and since 1848 down to about the time of the commencement of the suit Finin did work as a laborer for Green considerable periods of time, and there were other mutual dealings between them, and some settlements of account, but Finin was illiterate and unable to keep accounts, and Green produced no accounts, and the committee did not find any balance due Finin applicable as payment for the place.

Since 1848 Finin had constructed a dwelling-house out of the shanty, and had expended in that and other improvements some two or three hundred dollars, all with the knowledge of Green. The property had now by growth of timber and improvements, and advance in the price of land, become worth about $1,500. In June, 1864, Finin told Green that he wanted a deed of the place, and that he was ready to pay the balance due for it; that he had $280 with him in greenbacks, and if more was needed he would pay whatever was due. Finin had the $280 in greenbacks with him, as stated, and he showed the money to Green, and manifested his readiness and wish to pay the money and take a deed in pursuance of the understanding above stated, but there was no formal tender of the money.

The counsel of Green objected to the admission of parol evidence by which Finin sought to prove the agreement between Finin and Page relating to the real estate, and also objected to parol evidence of the understanding under which Green purchased the property of Page. The evidence was received subject to the objection, and the facts were found upon parol evidence thus objected to, and if the evidence so received was in law inadmissible, then there was no legal evidence of the facts so found.

The Superior Court (*Pardee, J.,*) accepted the report of the committee, and passed a decree that, on the payment of $140 by Finin to Green, the latter should, within a certain time stated, convey the land in question to the former. Green

filed a motion in error and brought the record before this court for revision.

*T. C. Perkins* and *G. C. Woodruff*, with whom was *Adams*, for the petitioner.

1. Parol evidence was inadmissible to prove the alleged contract between the parties. 1st. It was a contract for the sale of lands, and therefore clearly within the statute of frauds. 2d. It was an express trust, which can never be proved by parol. 2 Swift's Dig., 108 ; 4 Kent Com., 305 ; *Dean* v. *Dean*, 6 Conn., 285. 3d. It was not taken out of the statute by part performance. *Eaton* v. *Whitaker*, 18 Conn., 230 ; *Wills* v. *Stradling*, 3 Vesey, 378 ; 1 Powell on Cont., 309.

2. Finin's claim is barred by lapse of time. 1st. By the statute of limitations. *Sherman* v. *Barnes*, 8 Conn., 138, 140, 145. The cause of action accrued after a reasonable time. 2d. Independently of the statute the claim is too stale. Finin has slept on his rights so long that a court of equity will not interfere in his favor. *Banks* v. *Judah*, 8 Conn., 146 ; *Haskell* v. *Bailey*, 22 id., 572 ; 2 Swift's Dig., 88 ; *Alley* v. *Deschamps*, 13 Vesey, 225 ; *Benedict* v. *Lynch*, 1 Johns. Ch., 370 ; *Longworth* v. *Taylor*, 1 McLean, 400 ; *Cooper* v. *Brown*, 2 id., 495.

*Peet* and *Andrews*, for the respondent.

BUTLER, J. Two errors are assigned upon this record, neither of which is manifest.

1. The first is, that parol evidence was not admissible to prove the contract set up by the defendant in his cross-bill. The claim would be correct if the evidence had not also shown a sufficient part-performance to relieve the case from the operation of the statute of frauds. But, where under a contract for the sale of lands possession is delivered and held, and especially if a part or all of the purchase-money is paid and the vendee makes improvements upon the estate, the contract of sale, in connection with evidence of the delivery of posses-

sion and subsequent occupancy, is provable by parol. This rule has always been recognized in this state, and was fully and clearly examined and illustrated by the present Chief Justice, in the case of *Eaton* v. *Whittaker*, 18 Conn., 222. Since then it has not been an open question in this court.

The rule is clearly applicable to the case at bar. The evidence proved, as the committee found, the contract of sale, and that in pursuance of it Finin entered into possession and made improvements, and subsequently made payments, pursuant to the contract. The contract was made with Page. The delivery was made by him to Finin, and the payments, on account of the purchase-money, by Finin to him, and Page subsequently conveyed to Green, the petitioner.

But Green purchased with full knowledge of all the facts and with the understanding that he was to fulfill the contract between Finin and Page. His position is no better, nor is Finin's any the worse because of the conveyance. No clearer case for the application of the rule can be found in the books, or could well exist.

2. The second error assigned is, that the court erred in overruling the claim of the petitioner, that Finin was barred of his right to a specific performance by reason of the lapse of time.

The committee found that Green purchased of Page in 1848, that at the time of the purchase he expected to fulfill the contract between Page and Finin, and that the purchase-money would be paid by the labor of Finin for Green. Undoubtedly a considerable period elapsed between 1848 and 1864, when Finin asked for a deed and offered to pay whatever remained due, but during all this period Finin was living upon the property, expending considerable sums in improvements, with the knowledge of Green, and without any objection from him. Moreover Finin worked as a laborer for Green from time to time, and for considerable periods of time, and it does not appear that there was anything to prevent Green from making an application of that labor upon the contract, nor does it, in fact, appear that he did not make such application. The committee found that Finin was illite-

rate and unable to keep accounts, and Green produced no accounts, and he did not therefore find any balance due Finin, applicable as payment for the place. *Non constat* but that if Green had produced his books, they would have shown an application of labor to a greater or less extent, in payment of the sum due for the place, pursuant to the understanding of the parties. The facts that Finin continued to occupy and make improvements, increasing the value of the property far beyond the purchase-money and interest due, or likely to be due, and without any claim of rent by Green, and with his knowledge and apparent acquiescence, and that Finin labored for Green, at times, during the whole period, pursuant to the agreement, and Green had the opportunity, if he did not, in fact, avail himself of it, to make applications of labor upon the debt due for purchase-money, if not sufficient to authorize a presumption of payment, are quite sufficient to show a waiver, and estop him from making any claim under the statute of limitations or lapse of time.

There is no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred.