Clark v. Gilbert.

JONATHAN LINUS CLARK AND WIFE *vs.* ALEXANDER A. GILBERT.

A married woman to whom possession of land is delivered under a parol gift, and who occupies the land uninterruptedly, adversely and exclusively as her own for fifteen years, thereby acquires a complete title in herself, subject to an estate by courtesy in her husband, where the husband, although living with her, claims no independent, exclusive occupation in himself.

Possession taken under a parol gift is adverse in the donee against the donor, and if continued for fifteen years perfects the title of the donee as against the donor. The donor in such case not only knows that the possession is adverse, but intends it to be so, and there is no occasion for any notoriety. Notoriety is only important where the adverse character of the possession is to be brought home to the owner by presumption.

BILL IN EQUITY, praying for a decree vesting the title to certain land in Jane E. Clark, one of the petitioners; brought to the Superior Court in Middlesex county, and reserved for advice on facts found by the court. The case is sufficiently stated in the opinion.

*Tyler* and *Culver*, for the petitioners.

*Chadwick* and *H. C. Robinson*, for the respondent.

BUTLER, C. J. The material facts on which this case rests, extracted from the findings, are as follows:

Henry W. Gilbert of Chester, a single man and a man of property, and the uncle of the petitioner, Jane E. Clark, desired that Mrs. Clark and her husband, who then resided in Meriden, should remove to Chester, that he might enjoy her society. In the year 1850, to induce them to leave Meriden and remove to Chester, the said Gilbert promised that, if they would abandon business in Meriden and so remove, he would set the husband, Linus Clark, up in business, and build a house for his wife. They did so remove, and pursuant to his promises said Gilbert put said Linus in possession of a factory and business, and commenced making arrangements to build a house for his wife. At that time he was the owner of the

house in question, but it was then occupied by one Henshaw. Henshaw soon left and removed from the state, and the said Gilbert then abandoned the idea of building, and gave the key of the dwelling-house in question to his said niece, Mrs. Clark, saying to her, " There is a house for you; it is a comfortable place, and I think you will be pleased with it. It is convenient for keeping a cow, and boarding your husband's workmen. The place is yours. You can make such improvements and alterations in it as you please." The said Jane with her husband thereupon took possession of the premises, and continued in possession for about twenty years. Said Gilbert left the country in 1852, giving said Jane to understand, when the place was alluded to between the time when she took possession and the time of his leaving, that the place was hers, and he did not thereafter, at any time before the bringing of this bill, say or do, or authorize to be said or done, anything inconsistent with that idea. The petitioner, Jane E. Clark, from the time that she and her husband went into possession of the place in 1850, occupied the premises as her own until 1870, paid a mechanic's lien which existed thereon, and paid for changes in and improvements thereon, and, so far as a femme covert living on premises with her husband can occupy, did so exclusively and uninterruptedly, except as follows. The said Henry W. Gilbert had other property in the state, and when he left in 1852 gave the respondent a general power of attorney, and the respondent in 1855 gave by lease to Henshaw the privilege of digging a well, and laying a pipe on said demanded premises, of which said Linus had knowledge, but said Jane had not. The respondent also, as agent of Henry W. Gilbert, paid the taxes on the demanded premises from 1851 to 1857, but not thereafter until he levied an execution thereon. No other acts inconsistent with the title or possession of the petitioners during fifteen years next following the commencement of their occupation appear in the findings. The respondent in 1868 brought a suit in the Superior Court against Henry W. Gilbert, obtained judgment by default, took out execution and levied it on the demanded premises as the property of H. W.

Gilbert, and thereupon brought his action of ejectment against the petitioner, Linus Clark. On the trial of that case said Linus set up in defence the title in his wife by gift as aforesaid, and also a legal title in himself by adverse possession. The respondent thereupon offered evidence of admissions of said Linus inconsistent with an adverse possession in himself, but the petitioner, Jane E. Clark, had no knowledge of any acts or admissions of said Linus inconsistent with her title and possession, and it did not appear that said Linus did any act, or made any admission, inconsistent with her title and possession, or his own, within fifteen years next following the commencement of her occupation, or did any act, or made any declaration, indicative of a claim of exclusive title or possession in himself, at any time before the attachment and levy. The respondent obtained judgment in his action of ejectment, and removed the petitioners from the premises, and they thereupon brought this petition. On these facts are the petitioners, or either of them, entitled to relief? I think Jane E. Clark is.

In the first place, I think on principle that a married woman can, under circumstances like these, perfect a parol gift of real estate by an uninterrupted possession of fifteen years, where the husband, although living with her, claims no independent, exclusive occupation in himself. Why should it not be so? The law does not vest him with any title or possession until the wife has acquired a title, and he had no legal right of possession therefore in this case during the fifteen years. It does not appear that he claimed during that period, or individually exercised, any right or possession in himself, and the court find that the possession was hers, if, as a married woman, she could legally possess. I see no reason why she cannot possess under such circumstances, nor why, having been put in possession individually by a gift, the possession may not properly be considered as continuedly hers, the husband making no claim to it. She certainly can have possession, and maintain it, where property is given to her for her sole and separate use, even as against her husband. And so she may, as against donee or husband, of personal property

given for her separate use. I shall inquire hereafter whether this was so given, but on this point it is immaterial. If she *can* hold a possession when put in, and where the husband does not claim adversely to her, or interfere with it, the finding of the court establishes her possession in this case. As a legal proposition I think it clear that she may possess under such circumstances as are found here.

Much has been said about an open, notorious possession, but such expressions are not applicable to a case like this. Possession taken under a parol gift is adverse in the donee against the donor, and if continued for fifteen years perfects the title of the donee as against the donor. The donor in such cases not only knows that the possession is adverse, but intends it to be, and there is no occasion for any notoriety. Notoriety is only important where the adverse character of the possession is to be brought home to the owner by presumption. Of course where it is shown that he had actual knowledge that the possession was under claim of a title, and therefore adverse, openness and notoriety are unimportant, for no other person has any legal interest in the question, or right to be informed by notoriety or otherwise. So long as Henry W. Gilbert knew that his niece was holding the premises as her own, under a gift from him, and would acquire a complete title at the end of fifteen years, she was not bound to make claim of right, or proclaim the character of her possession, until it was denied by him, or some agent of his authorized to make the denial. No act or declaration of his or of his agent came to her knowledge which required her to speak. I think there can be no doubt therefore that there was a gift to her, and possession delivered her pursuant to the gift ; that possession was continued adversely for more than fifteen years, and that neither the husband nor the donor, nor any authorized agent of his, so interrupted or disturbed that possession as to prevent the acquisition by her of a complete title. The act of authorizing a well to be dug and pipes to be laid in the land is of little importance. It was the act of an agent who had no special authority to interfere with the possession of this property, and certainly a general au-

thority, upon the facts found, would not authorize it. The same may be said in respect to the taxes. As there was no conveyance of the property on record the assessors naturally continued to put it into the list of H. W. Gilbert, and the taxes were paid by his agent. The fact that he soon discontinued paying the taxes is a much more significant fact for the petitioner.

This view of the principles involved is sustained by all the decisions involving the questions which have been found. The general principle that a husband, occupying the property of the wife with her or solely, is presumed to be occupying in subordination to her title is generally recognized. See 2 Selden, 342, and cases there cited.

There have been two cases analogous to this decided in our sister states during the last ten years. The first was the case of *Steel* v. *Johnson*, 4 Allen, 425, decided in 1862. In that case the father gave to his daughter, who was a married woman, some real estate, and put her in possession of it, and she continued to hold possession for more than twenty years, and it was holden that by operation of law she thereby became vested with a complete title to the estate, which neither the father nor his grantees during his life, nor his heirs-at-law after his death, could successfully contest.

Another analogous case which arose in New Jersey and was decided in 1867, was that of· *Outcalt* v. *Ludlow*, 32 N. J., 239. In that case a father gave a house and lot to a married daughter, and put her and her husband in possession, and they occupied until the statute of limitation had run against the father. Upon the question whether she or her husband was entitled to claim title acquired by such possession, it was holden, first, that a possession so entered into in right of the wife could not be taken advantage of by the husband to the prejudice of his wife, for his possession was only through her, and he could not, by any act of his own against his wife, change it into a possession adverse to her. Second, that if she was permitted by the father to hold possession of the property as hers, and by lapse of time such adverse possession ripened into a title, that title was hers. In that case posses-

sion was delivered to the husband, as well as the wife, but in this case possession was delivered to the wife alone, and it does not appear that during the fifteen years next thereafter Mr. Clark claimed any legal possession, nor indeed does it appear that he claimed any distinct possession at all, until he set it up as a contingent alternative in the ejectment suit.

These two decisions are recent, are in harmony with the progressive thought and legislation of the day, and cover the whole ground. For whether the wife alone in this case is deemed to have been in possession, as in the case in Allen, or whether they are both to be deemed to have been in possession, or the husband to have held the possession *in her right,* as in the case in New Jersey, her parol gift must be considered as having ripened into a perfect title by lapse of time, if these decisions are correct expositions of the law. We think they are entitled to great respect, that they are founded upon correct principles, and characterized by good sense, and that in this case a perfect title was acquired by Mrs. Clark against Henry W. Gilbert, the donor, after a lapse of fifteen years from the time of the gift and the taking of possession under it, and before the attachment and levy of the respondent.

But several other questions arise in the case. First, did the husband become tenant by the courtesy when the title became perfect in her? Second, if so, what effect is the judgment of Alexander Gilbert against Linus Clark in ejectment to have in relation to the decree?

It is undoubtedly a general rule that the husband becomes tenant by the courtesy in any estate which accrues to the wife during coverture, unless given in trust, or given to her for her sole and separate use. There is no trust here, nor is it clear that the donor intended it for her sole and separate use. Assuming then that Linus Clark took a life-estate by the courtesy, what bearing has that judgment upon the case? Alexander Gilbert obtained no title by his attachment and levy, for a complete title had then vested in Jane E. Clark, and as incident thereto an estate by courtesy in her husband. The judgment therefore is without foundation and erroneous, but it stands unreversed against Linus Clark, and as to him

determines all right of possession in this property, and has been consummated by the dispossession of both the petitioners. It is inoperative against Jane E. Clark, for she was not a party to it, and she is entitled to a decree to establish her title, subject to the tenancy of her husband. But Linus Clark cannot impeach that judgment in this proceeding except upon the ground of fraud, and that is not found. We can advise no decree therefore which will restore him to his title or possession, for that and another reason. It appears by the finding that he distinctly claimed a right to the possession on the facts in the case by virtue of a title in his wife, and that the claim was overruled. That ruling was erroneous on the facts as they appear of record in that case, and furnishes a sufficient ground for reversing the judgment. And as his right to a writ of error is not barred, he has adequate remedy at law.

In this opinion the other judges concurred.