# CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY, ADMINISTRATOR, *vs.* THE SECURITY COMPANY, ADMINISTRATOR.

First Judicial District, Hartford, March Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

The slight changes in phraseology made from time to time in the statute of 1849 relating to a husband's trust estate in the personal property of his wife, have not altered its original meaning and purpose. Upon the death of the husband his interest terminates and the administrator of the wife, if she has previously died intestate, is entitled to the custody and possession of the property, in order that it may be duly administered under the direction and authority of the Court of Probate.

The delivery of the property by the personal representative of the husband to the wife's administrator, has no effect whatever upon the question as to who may be entitled by law to succeed to the property.

The express trust upon which this property is received and held by the husband is not changed because the property is invested by the husband in his own name or mingled with his own funds so that it cannot be identified. Accordingly it is not necessary to a recovery of its value that a claim therefor should be presented against the husband's estate within the time limited for the presentation of claims by the Court of Probate.

It appeared by the record that the husband, upon his wife's decease, was appointed administrator upon her estate, but that her property was not taken or held by him in that capacity, and that there was no actual administration of her estate prior to his death. *Held* that a suit by her administrator *de bonis non* against the personal representative of her deceased husband, to recover the value of the trust fund, was not in conflict with the claim of the defendant that such administrator could not maintain an action against his predecessor, except for effects in specie, or sue for a *devastavit* or for an accounting.

[Argued March 3d—decided March 26th, 1896.]

ACTION to recover damages for the wrongful refusal of the defendant to turn over to the plaintiff a certain sum of money alleged to belong to the estate of the plaintiff's intestate; brought to the Superior Court in Hartford County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is suffciently stated in the opinion.

*George G. Sill,* for the appellant (defendant).

As matter of law Susan Welles had no title to this property in her lifetime, as the absolute title was in her husband as trustee; and as she died first, no title was at any time vested in her, and of consequence, none in her administrator. *Williams* v. *King,* 43 Conn., 569. The suit is barred by statute because not presented within the time limited by law. This cash is not assets of Susan Welles' estate in the hands of defendant, because it was money and was mingled with other moneys of her husband, and hence it became a mere money demand and should have been presented within the time limited by the Court of Probate. 2 Wœrner on Admin., § 305; *Atty. Gen.* v. *Brigham,* 142 Mass., 248; Schouler on Executors, 205; *Johnson* v. *Ames,* 11 Pick., 572; 2 Wood on Limitations, § 206; *Threthick* v. *Austin,* 4 Mason, 16. This statute of *non claim* has been too often construed to admit of any question now. 2 Wœrner on Admin., 846; *Cone* v. *Dunham,* 59 Conn., 145, and cases cited. Administrators may be dispensed with if all an administrator has to do is to distribute the estate. 2 Wœrner on Admin., § 566; General Statutes, §§ 629, 2799; *Griswold* v. *Penniman,* 2 Conn., 564; *Roorbach* v. *Lord,* 4 Conn., 347. An administrator *de bonis non* cannot sustain an action at law against his predecessors or his administrator for anything save unadministered effects existing in specie. 2 Wœrner on Admin., 745; *Am. Board of Comr.'s Appeal,* 27 Conn., 344–354; *U. S.* v. *Walker,* 109 U. S., 358; *Wilson* v. *Arrick,* 112 id., 83.

*Henry C. Robinson,* for the appellee (plaintiff).

The statute of non claim is immaterial. This action is against the administrator of the trustee of an express trust, and statutes of limitation do not run against express trusts. *Cone* v. *Dunham,* 59 Conn., 145. The plaintiff is not and does not represent a creditor of the dead husband. Gen. Stat., § 581; 2 Story Eq. Jur., 1520a; Hill on Trustees, 263; 2 Swift's Dig., 121; *Bacon* v. *Bacon,* 51 Conn., 19; *White School House* v. *Post,* 31 id., 240. Even if it were a claim within the

statute, its limitation could not and did not begin to run until the plaintiff's appointment as administrator of Mrs. Welles. *Hobart* v. *Turnpike Co.*, 15 Conn., 145 ; *Andrews* v. *R. R. Co.*, 34 id., 57 ; *Cone* v. *Dunham, supra ; Gay's Appeal*, 61 Conn., 451. The claim that Mrs. Welles' estate vested in her heirs at law, and not in her administrator, is unsound. The vesting involved is not vesting in interest, but vesting in possession. All intestate estates vest in interest in the heirs at law, subject to the rights of creditors, but that interest is determinable only through an intermediate possession of an administrator of the intestate. Gen. Stat., §§ 2792, 628. It is plain that the original jurisdiction given to the Probate Court over estates of deceased persons is exclusive, and that court alone can ascertain who are heirs, and conflicting claims to intestate property must there be determined. *Searles* v. *Farnham*, 6 Conn., 128 ; *Pitkin* v. *Pitkin*, 7 id., 318 ; *Bailey* v. *Strong*, 8 id., 281 ; *Edmund* v. *Canfield*, 8 id., 91 ; *Beach* v. *Norton*, 9 id., 182 ; *Atwater* v. *Barnes*, 21 id., 237 ; *Brush* v. *Britton*, 36 id., 292. The wife's administrator alone can sue to recover this trust fund. *Taber* v. *Packwood*, 1 Day, 150 ; *Roorbach* v. *Lord*, 4 Conn., 347 ; *Roach* v. *Smith*, 5 id., 543 ; *Hawley* v. *Burgess*, 22 id., 284. The legal title to all the personal estate of a decedent vests at death in his legal representative, executor, or administrator. *Buckingham's Appeal*, 60 Conn., 159 ; *Woodhouse* v. *Phelps*, 57 id., 523 ; *Cornwall* v. *Todd*, 38 id., 443 ; *Clement* v. *Brainard*, 46 id., 181 ; *Hawley* v. *Burgess, supra*. The suggestion of laches is not well taken. There can be no laches against an express trust. 1 Pom. Eq., § 418. The court has found that there has been no laches in fact. The remedy sought is the proper one. 2 Perry on Trusts (3d Ed.), §§ 835–838 and citations ; 2 Pomeroy's Eq., §§ 1049, 1080, and citations ; General Statutes, § 495. The right of the plaintiff cannot be defeated because administration, while entirely proper, could have been avoided. Administration can only be omitted by consent of all parties who claim to be interested. Administration of Mrs. Welles' estate is necessary. The property involved is a chose in action. The trustee has mingled the trust fund with his own

funds. The amount is in dispute, and no one can force an adjudication of the amount except this administrator. The suggestion that an administrator *de bonis non* cannot sue his predecessor at law is insignificant. It meets no issue raised by the pleading, and is, of course, only a ground of demurrer, and cannot be raised here. Who may be ultimately entitled to receive this fund on distribution, is a question not before the court on this record.

FENN, J. The material facts in this case may be stated briefly. The plaintiff sues as administrator *de bonis non* of the estate of Susan M. Welles. The defendant is the administrator of the estate of her husband, Thomas G. Welles. They were married in 1873. She died in 1880 intestate, leaving two children, issue of the marriage. Both have since died, minors, intestate, and unmarried; one before, the other since, their father. Thomas G. Welles died in 1892. During the marriage he received personal property of the wife. He invested it in his own name. The trust fund, so invested, in property mingled with that of Thomas G. Welles, and not capable of being separately traced and identified, came into possession of the defendant, as administrator of his estate. The plaintiff demanded it in the form of a sum of money out of the property, equal to the trust fund. The defendant refused to deliver it. The plaintiff brought the present action at law. The Superior Court rendered judgment in his favor. The defendant appealed to this court.

The statute, as it stood in 1873, General Statutes 1866, p. 303, § 19, provided, as to the personal property of a married woman married since June 22d, 1849, that it should vest in the husband in trust for the wife, and upon the decease of the husband " shall vest in the wife, if living, or if she has deceased, in her devisees, legatees, or heirs at law, in the same manner as if she had always been a *feme sole*." The present statute, General Statutes, § 2792, is somewhat changed in phraseology. By it, the property vests in the husband in trust for the uses specified, " and upon his decease, the re-

mainder of such trust property shall vest in the wife, if living, otherwise as the wife may by will have directed, or in default of such will in those entitled by law to succeed to her intestate estate." We agree, however, with what the defendant has said in its brief: " Changes in the phraseology of the statute have not changed its original meaning and purpose." On the contrary, such changes make more clearly distinct and apparent what such original meaning and purpose was.

The same is also true of the Act passed in 1887, Chap. 40, now General Statutes, § 2795. Under the statute then, the vesting in the husband is of the legal estate, as trustee of an express trust, with no other ultimate property, right, or beneficial interest in himself, than such as is specifically given to him by such statute, namely, the receipt and enjoyment of the income during his life; and even this is subject to duties and charges imposed. Upon the husband's decease, his life trust estate, being his only estate in the property, determines. Nothing derived from him passes to those who represent him, or claim title under him. It vests in the wife, in law, in right of possession, as it was vested in equity in right of property. That is to say, it vests, divested of the trust, in the wife, if living, but if she be dead, then as she may by will have directed; but if, as in the present case, she has died intestate, it vests in those entitled by law to succeed to her intestate estate.

But who shall determine who are so entitled? General Statutes, § 628, expressly provides: " It shall be the duty of the Court of Probate to ascertain the heirs and distributees of every intestate estate." This, however, is but an affirmance and statutory declaration of the pre-existing law. But in order that the Court of Probate may do this, it is plainly essential that such an estate should be pending for settlement in said court, in the orderly and prescribed way. The prior duty provided by General Statutes, § 565, in every case where a person dies intestate, to grant administration, must have been performed. Then the administrator, so appointed, is entitled to the possession of the personal property

so that he may be enabled to administer it under the direction and by the authority of the Court of Probate. That was what the statute of 1866, in existence at the time of the marriage of Mrs. Welles, expressly stated, in providing that the property should vest, upon the death of the husband, after the prior decease of the wife, "in the same manner as if she had always been a *feme sole.*" That is what the present statute means equally. In this case, an administrator of the wife has been appointed. He has demanded the property of the administrator of the husband. We agree with the court below, that it should have been delivered to him.

But the defendant insists that the object of this suit is, and its effect if successful, would be, when the time of distribution comes, to stamp the property with the title of the wife, and give color to the claim that it shall be distributed as her estate, to her collateral relatives, and not to the representatives of her sons who survived her, but are now dead. We think the defendant is unnecessarily apprehensive. But in view of the fear expressed, we will say, that no inference whatever can with justice to this court be drawn from our present action, in any subsequent proceeding, in the Court of Probate or elsewhere, concerning a matter, namely, who is entitled by law to succeed to this intestate estate, not before us, and not within our jurisdiction at this time to consider.

But besides the main question which we have examined, the defendant has presented other claims. It insists that the plaintiff is not entitled to recover, because it neglected to present its claim against the estate of Thomas G. Welles within the time limited by the Court of Probate for the presentation of claims against it as a solvent estate. The defendant admits what is clearly true—*Cone* v. *Dunham*, 59 Conn., 145—that here was an express trust at its inception, and that neither the statute of limitations or of *non claim*, applies to such a trust. But it asserts that the character of an express trust was lost when the funds themselves lost their identity. We cannot accede to this claim. The character of the trust upon which the property was received and held,

was not changed by the conduct of the trustee. The claim upon the defendant by the plaintiff, as for "money in the hands of Thomas G. Welles as statutory trustee," was correct in form. The property, in whatever shape, was so held. This is not a "mere money demand" in the sense in which the defendant uses that expression. It is a claim for trust assets, in the hands of the trustee of an express trust.

The defendant further says that the plaintiff was guilty of *laches* in delaying for more than eighteen months in applying for letters of administration. It is not claimed that this delay resulted in any injury to the defendant, who "had notice of the claim on the property, at an early day;" and in view of the finding of the court, no *laches* can be imputed in law, or held to have existed in fact.

The defendant also says: "An administrator *de bonis non* cannot maintain an action against his predecessor, or his administrator, except for effects in specie, nor can such administrator sue a preceding administrator of his intestate, for sums claimed to be due on a *devastavit* or for an accounting." If this be granted, the application to the case before us is not apparent. The finding shows that Thomas G. Welles, upon the death of his wife, was appointed administrator of her estate. But it also shows that her estate "was not taken and held by him, as administrator, and there was no actual administration of her estate in the Court of Probate before his decease." The present is not such an action, as the defendant asserts could not be maintained. It is a suit against the administrator of a person who, up to the time of his death, held personal property as the statutory trustee—not as the administrator of his wife—who had refused to deliver it upon demand, to her administrator, in order that it might be administered upon and finally disposed of according to law.

There is no error.

In this opinion the other judges concurred.