ISRAEL GRODY *vs.* CHARLES L. BAILEY.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The possession of one who enters upon land under a subsisting contract, express or implied, for the purchase of the title, is not adverse, nor can it become such until he does some unequivocal act which manifests a repudiation of the contract and is brought to the knowledge of the owner.

Argued May 6th—decided June 11th, 1927.

ACTION to quiet and settle the plaintiff's title to certain premises in the town of Bloomfield, brought to

the Court of Common Pleas for Hartford County and tried to the court, *Howard, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Henry H. Hunt,* for the appellant (defendant).

*Louis M. Schatz,* with whom, on the brief, were *Albert C. Bill, Albert S. Bill* and *Nathan A. Schatz,* for the appellee (plaintiff).

PER CURIAM. This is an action to quiet title to a parcel of land known as lot 66 in Oakland Terrace in the town of Bloomfield. The plaintiff claimed to be the owner in fee simple of this lot. The defendant claimed to have been in possession of this lot under claim of title for more than fifteen years prior to this action and to have in consequence of such possession acquired a title to it by adverse possession. The court has found that the plaintiff has the record title, but that the defendant has been since 1897 to the date of this action in the occupation and use of this lot. The court has also found that all such acts of user and occupation by the defendant were performed under a verbal contract of purchase from the record title owner and made in full recognition of such record title.

The court reached the conclusion that the occupation by the defendant was not a hostile possession under a claim of right for a period of fifteen years. This conclusion was sound, and one which was required by the adjudication in *Harral* v. *Leverty,* 50 Conn. 46, 50: " 'While there subsists any contract, express or implied, for the purchase of the title, between the parties in and out of possession, the possession cannot be adverse. . . . Until he does some unequivocal act to manifest a repudiation of the contract and brings this home to the knowledge of the other party, he

cannot be considered as holding adversely to the person under whom he took possession.' "

There is no error.