LIBERTO PADULA ET AL. *v.* GENEVIEVE PADULA, ADMINISTRATRIX (ESTATE OF JOSEPH PADULA), ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 8—decided July 10, 1951

*William K. Lawlor,* for the appellants (plaintiffs).

*Harry M. Albert,* with whom were *Walter R. Griffin* and, on the brief, *Michael V. Blansfield,* for the appellees (defendants).

INGLIS, J.   This suit was instituted by Liberto Padula

and Guiseppe Amarose against Genevieve Padula, administratrix of the estate of Joseph Padula. Pending the action Amarose died and his administratrix, Lena Caviasco, was substituted as a party plaintiff. Philip J. Padula was cited in as an additional defendant.

Following a plethora of pleadings, the plaintiffs finally filed an amended complaint in two counts. The first alleged the following facts: In 1915 Amarose was the owner of a run-down farm in the town of Wolcott. In that year he orally agreed with his son-in-law, Liberto Padula, that he would give him the farm in consideration of his coming to live on it and agreeing to take care of it and of Amarose for the latter's life. Pursuant to that agreement Liberto moved onto the property, repaired the old buildings and built new ones, improved the land and took care of Amarose for the rest of his life. In 1946 or 1947 Joseph Padula, the son of Liberto, by the exercise of undue influence and without giving any consideration for the conveyance, induced Amarose, who was then incapable, to execute a deed of the farm to him and his brother, Carl Padula. At the time, Joseph knew of the agreement between Amarose and Liberto, and his acts in procuring the deed were done with an intent to defraud Liberto of the property. Joseph Padula died on March 14, 1947, and the defendant Genevieve Padula was appointed administratrix of his estate. The defendant Philip Padula is his only heir. Amarose died in 1949. The second count of the amended complaint incorporated all of the allegations of the first count and added a paragraph in which Liberto alleged that he had acquired title to the farm by adverse possession. Upon those allegations the plaintiffs prayed that the deed to Joseph and Carl be set aside, that Liberto be declared the owner of the property and that the cloud on his title caused by the deed be removed. By way of explanation of the fact

that Carl Padula was not made a party and no relief demanded against him, it was stated that he was willing to convey his half interest in the property to Liberto.

The defendants demurred to the amended complaint and prayers for relief. As to the cause of action alleged by the administratrix of Amarose's estate, it was demurred that it was barred by the Statute of Nonclaim because there was no allegation that a claim had been presented to the administratrix of Joseph Padula's estate. The grounds of demurrer to the causes of action alleged by Liberto may be summarized as follows: (1) The claim of an interest or estate in land is based on an oral contract which is unenforceable under the Statute of Frauds; (2) the contract was not equal, just and fair and founded upon a valuable consideration; (3) the "plaintiff alleges title in a third person, on that which he claims or alleges to be his"; (4) the cause of action founded on adverse possession is barred by the Statute of Limitations; (5) both causes of action are barred by the Statute of Nonclaim. The entire complaint was also demurred to on the ground of misjoinder of actions. The demurrers were sustained on all grounds stated and that ruling is assigned as error on this appeal. We will discuss the various grounds of demurrer seriatim.

Our Statute of Nonclaim is embodied in § 6990 of the General Statutes. That section, after providing that the Probate Court shall by order limit the time for the presentation of claims against a solvent estate, reads: "[I]f any creditor shall fail to exhibit his claim within such time as may be limited by such order, he shall be barred of his demand against such estate. . . ." We assume, without deciding, that in a suit upon any such claim as is referred to in the statute the failure to allege its presentation renders the complaint demurrable. See *Grant* v. *Grant*, 63 Conn. 530, 546, 29 A. 15; *Raymond* v. *Bailey*, 98 Conn. 201, 209, 118 A. 915. The

question on the demurrer to the cause of action alleged by the administratrix of Amarose's estate is, therefore, whether that cause of action is such a claim as is required to be exhibited.

In *Sherwood* v. *Bridgeport,* 123 Conn. 348, 351, 195 A. 744, we said: "[A]s the word is used in this statute, 'claims' means those obligations which are in the broad sense of the term, debts. This word, as often used, includes within its meaning only obligations arising out of contract express or implied. But as [§ 6990] applies to claims founded in tort as well as contract, obviously no such narrow interpretation is applicable here. Broadly a debt may be defined rather, as what one owes to another. It is in this sense that the word 'claims' is used in [§ 6990] . . . ." In that case we held that a claim for taxes was such a claim. We have also held that a claim in quantum meruit for services rendered in reliance upon an unenforceable contract to leave property by will is one which must be exhibited. *Grant* v. *Grant,* supra, 545. The same is true as regards a demand for the specific performance of a decedent's obligation to transfer certain shares of corporate stock which arose by reason of his declaration that the claimant was the owner of that number of shares of the stock of the specified corporation standing in the decedent's name unsegregated from his total holdings in the corporation. *Cone* v. *Dunham,* 59 Conn. 145, 161, 20 A. 311. On the other hand the presentation of a claim to an administrator is not a prerequisite to the impressing of an express trust upon the trust res which he has in his possession. *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 189, 132 A. 902; *Connecticut Trust & Safe Deposit Co.* v. *Security Co.,* 67 Conn. 438, 443, 35 A. 342. So, too, it is not essential for a mortgagee to present a claim to the administrator of the estate of his mortgagor in order to enforce his interest in the mort-

gaged property, although his right to recover on the mortgage note is barred unless a claim has been presented. *Beard's Appeal,* 78 Conn. 481, 483, 62 A. 704. The distinction between these two lines of cases is clear. Those cases cited above and others in our reports which hold that the presentation of a claim is essential involve claims which are the personal obligation of the decedent. In those cases in which the cause of action is for the recovery of or the determination of interests in specific property and therefore is at least quasi in rem and not in personam, it is not an essential prerequisite that a claim be presented. In other words the purpose of the Statute of Nonclaim is to make sure that an administrator is informed as to what claims there are which must be paid out of the estate as a whole. It is not to apprise him of what of the apparent property of his decedent is to be inventoried or what incumbrances, if any, are on that property.

In the present case, the suit is not on any personal obligation of Joseph Padula. It is not to recover damages from him or his estate. The cause of action stated is to clear the title of property which the plaintiffs claim to own of the cloud thereon created by the claimed fraudulent conveyance. Such a cause of action is one quasi in rem. *Park* v. *Powers,* 2 Cal. 2d 590, 598, 42 P. 2d 75. It lies against those who at the time it is instituted are the present claimants under the instrument which created the cloud. If Joseph had parted with his claimed title before his death, his grantee would have been the proper party to be sued, and neither Joseph nor his administratrix would have been proper parties defendant. 51 C. J. 207, § 138. See *Hagearty* v. *Ryan,* 123 Conn. 372, 375, 195 A. 730. As it was, when Joseph died, his claimed interest in the property passed to his heir subject to the rights of his creditors as represented by his administratrix. Clearly,

therefore, the cause of action stated in the complaint is not one based upon any claim of a personal obligation owed by Joseph. It was one quasi in rem concerning the claimed title to the real estate created by the fraudulent conveyance. It was not, therefore, such a claim as is required by the statute to be exhibited to his administratrix.

A ground of demurrer to the first count of the complaint of Liberto Padula is that the Statute of Frauds renders the cause of action unenforceable. Liberto's right to maintain this action depended on his having at least an equitable title to the land. His first count alleged that he acquired such a title by virtue of his oral contract with Amarose for the conveyance of the land. This was a contract within the Statute of Frauds. The only question is whether the acts of part performance on the part of Liberto which are alleged are adequate to take the contract out of the statute. Acts on the part of the promisee in such a contract are sufficient to take the agreement out of the statute "if they are such as clearly to refer to some contract in relation to the matter in dispute." *Rienzo* v. *Cohen,* 112 Conn. 427, 429, 152 A. 394, and cases cited; *Burns* v. *Garey,* 101 Conn. 323, 328, 125 A. 467; *Grant* v. *Grant,* 63 Conn. 530, 539, 29 A. 15. It is alleged that Liberto went to live on the farm and not only took care of the farm and Amarose but also constructed new farm buildings and made extensive repairs and improvements, all at his own labor and expense. Such conduct, even by a son-in-law of the owner of the land, in the absence of other circumstances, may well indicate that there existed between the parties some contract with reference to the property. If Liberto establishes the facts alleged, they might well furnish a foundation for a conclusion that there was sufficient part performance to take the case out of the statute. *Green* v. *Finin,* 35

Conn. 178, 181; Restatement, 1 Contracts § 197. The complaint was not vulnerable to the demurrer on this ground.

The defendants' contention, concerning Liberto's cause of action, that the contract was not equal, just and fair and founded upon a valuable consideration is without merit. The consideration alleged is Liberto's agreement to live on the farm and take care of it and of Amarose during the latter's life. That not only is legal consideration for the contract but also is adequate to justify enforcement of the agreement in equity.

The claim that Liberto alleges title in a third person in that which he also alleges to be his apparently refers to the fact that the complaint at one and the same time states that title to the property is in Amarose's estate and that it is owned by Liberto. There is nothing inconsistent in these allegations. Taken together they are that record title is held by Amarose's estate for the benefit of Liberto. The complaint is not demurrable on that ground.

It is difficult to understand what the defendants intend by their demurrer to the second count of the complaint, which, after incorporating all of the paragraphs of the first count, alleges title in Liberto by adverse possession. The ground of demurrer stated is that this cause of action is barred by the Statute of Limitations. General Statutes § 8314. It is obvious that this is without merit because the allegation is that Liberto remained in possession to the date of the complaint. In their brief the argument of the defendants is that Liberto could not have gained title by adverse possession because it appears from the complaint that he was in possession by virtue of a license from or contract with Amarose so that his possession was not adverse. This contention is sound in law if there is added to it the qualification that the occupant has not

by some unequivocal act indicated and brought home to the knowledge of the owner that he is in possession not under the contract but under claim of right outside of the contract. *Harral* v. *Leverty*, 50 Conn. 46, 50; *Grody* v. *Bailey*, 106 Conn. 300, 137 A. 856. Whether possession is adverse in character is a question of fact. *Shea* v. *Gavitt*, 89 Conn. 359, 363, 94 A. 360. Under his general allegation that his possession was adverse, Liberto might offer evidence to bring his case within the qualification. Accordingly, his complaint was not subject to demurrer even for the reason claimed in the brief. In any event, that was not the ground assigned, and the demurrer on the ground stated should have been overruled.

Liberto alleges that he is the owner of the property either by virtue of adverse possession or by virtue of the fact that his contract with Amarose entitled him to a conveyance of the land and equity will regard that contract as though it had been specifically performed. In either event, even though he is not the record owner of the land, he is in a position to maintain an action to remove a cloud from the title. See *Clark* v. *Gilbert*, 39 Conn. 94. That is what he is seeking to do in this action. As we have already stated, the failure to present a claim on such a cause of action to the administrator of one who prior to his death held a purported interest which constituted the cloud does not bar the cause of action under the Statute of Nonclaim.

The only remaining ground of demurrer to be discussed is that of misjoinder of causes of action. The misjoinder is claimed because the first count alleges that title to the property is in Amarose's estate and the second count alleges that title is in Liberto. As already pointed out, there is no inconsistency between these two allegations. In any event the two causes of action stated arise out of transactions connected with the same

subject of action and are, therefore, properly joinable. General Statutes § 7819.

None of the grounds of demurrer are sufficient and the demurrers should have been overruled.

There is error, the judgment is set aside and the case is remanded with direction that the demurrers be overruled and the case proceeded with in accordance with law.

In this opinion BROWN, C. J., JENNINGS and BALDWIN, Js., concurred.

O'SULLIVAN, J. (concurring). Although I concur in the result, I cannot give approval to the rule that the test for determining whether a claim must be presented to the administrator depends on whether it is one in rem or in personam. This appears to be contrary to the law and our practice. I take the position that the distinction is this: claims calling for equitable relief, such as the turning over of specific property forming part of a trust estate, or for specific performance, need not be presented. Cleaveland, Hewitt & Clark, Probate Law, p. 267; *McDonald* v. *Hartford Trust Co.*, 104 Conn. 169, 189, 132 A. 902; *Connecticut Trust & Safe Deposit Co.* v. *Security Co.*, 67 Conn. 438, 443, 35 A. 342; *Beard's Appeal*, 78 Conn. 481, 483, 62 A. 704. All other claims, whether in rem or in personam, must be presented. Since the relief sought in the case at bar was equitable, the presentation of a claim to the administratrix was unnecessary.