THE SUPERIOR ELECTRIC COMPANY *v.* DOROTHY M. S. BURSKI, INDIVIDUALLY AND AS EXECUTRIX (ESTATE OF LEONARD J. G. BURSKI)

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 132124

Memorandum filed March 21, 1963

*Shipman & Goodwin,* of Hartford, for the plaintiff.

*Herbert Watstein,* of Bristol, for the defendant.

KLAU, J. This is an action in three counts, brought against the defendant individually and as executrix of her husband's estate, seeking specific performance of an agreement of her late husband to assign a patent and all rights thereto for an improvement or invention created and developed by him during the period of his employment by the plaintiff. Paragraph 9 of the first count of the complaint alleges that there was an agreement between the plaintiff and the decedent that "such improvement or invention and all patent rights relating thereto became and are the absolute property of the plaintiff; that whenever requested by the plaintiff he [the decedent] would execute any and all applications for patents, assignments and other documents relating to such improvement or invention." Similar agreements are alleged in paragraph 5 of the second count and paragraph 7 of the third count.

The plaintiff is seeking an injunction compelling the defendant, as executrix as aforesaid, to assign to the plaintiff all rights which the decedent had at the time of his death—and which the defendant, as such executrix, has succeeded to and now has—in and to such improvement or invention, and to execute and deliver to the plaintiff any and all applications, assignments and other documents necessary or appropriate to enable the plaintiff to file and prosecute applications for patents on such improvement or invention and fully to secure and enjoy its property rights therein. The complaint alleges that the defendant, by virtue of being the executrix of the decedent's estate, succeeded to and now has all rights in and to such improvement or invention and all obligations with respect thereto which the dece-

dent had at the time of his death, and is the person authorized and empowered to make application for a United States patent on such improvement or invention and to assign such application as provided for by 35 U.S.C. §§ 117, 261.

In this memorandum, we are concerned solely with the effect of the demurrer as to the cause of action against the defendant as executrix. The defendant executrix demurs to each count of the complaint and the prayers for relief therein, on the ground that there is no allegation in any count of the complaint that the plaintiff had filed a claim with her as executrix, in accordance with § 45-205 of the General Statutes, prior to the institution of the present action. The demurrer raises the question whether the claim of the plaintiff for specific performance as alleged in the complaint was governed or affected by § 45-205 of the General Statutes.

Section 45-205, the Statute of Nonclaim, provides in part that the Probate Court may order executors and administrators "to cite the creditors of the deceased whose estate is in settlement before it to bring in their claims against such estate within such time . . . as it limits." Is the plaintiff, in the light of the cause of action which it has alleged in the complaint, a "creditor" within the meaning of the term as used in § 45-205? If it is such a "creditor," the plaintiff cannot maintain this action, for the complaint does not allege that it filed its claim with the defendant executrix within the time allowed for filing such claims. See *Padula* v. *Padula,* 138 Conn. 102, 105; *Grant* v. *Grant,* 63 Conn. 530, 546. The conclusion of the court is that the plaintiff is not a creditor within the meaning of § 45-205 and hence was not required to file a claim for the assignment of the patent with the defendant execu-

trix pursuant to the statute. The claims of creditors required to be submitted under that statute are "those obligations which are in the broad sense of the term, debts. . . . Broadly a debt may be defined rather, as what one owes to another." *Sherwood* v. *Bridgeport,* 123 Conn. 348, 351. " '[C]laims,' within the meaning of the statute of nonclaim, include any existing cause of action against the deceased for money or money damages, whether in contract or tort and whether liquidated or unliquidated." 2 Locke & Kohn, Conn. Probate Practice, p. 501. "The word 'claims,' as used in statutes requiring the presentation of claims against decedents' estates, is generally construed to mean debts or demands of a pecuniary nature which could have been enforced against the deceased in his lifetime and could have been reduced to simple money judgment." 21 Am. Jur. 579, Executors and Administrators, § 348.

In 2 Locke & Kohn, op. cit. § 474, at page 503, the general rule is stated that claims for the recovery of specific property, when the claimant asserts ownership rights superior to those of the deceased, are not within the Statute of Nonclaim and will not be barred by nonpresentation. "The reason for this is that the probate jurisdiction is concerned with the devolution at death of the property of the deceased, but is not concerned with the settlement of conflicting claims of title between the estate and third persons." And at page 504: "A claim for specific property in the hands of the administrator is deemed to be a claim 'against the administrator' but not 'against the estate;' for such property, though in the hands of the administrator, is not part of the estate and the claim for it is not a 'debt' of the estate." This is also the general rule of other jurisdictions. 21 Am. Jur. 580, Executors and Administrators, § 348; see note, 34 A.L.R. 362, 383.

To the same effect as the foregoing is *Padula* v. *Padula,* supra, 107, wherein the court stated as follows: "The distinction between these two lines of cases is clear. Those cases cited above and others in our reports which hold that the presentation of a claim is essential involve claims which are the personal obligation of the decedent. In those cases in which the cause of action is for the recovery of or the determination of interests in specific property and therefore is at least quasi in rem and not in personam, it is not an essential prerequisite that a claim be presented. In other words the purpose of the Statute of Nonclaim is to make sure that an administrator is informed as to what claims there are which must be paid out of the estate as a whole. It is not to apprise him of what of the apparent property of his decedent is to be inventoried or what incumbrances, if any, are on that property." And see the concurring opinion of Justice O'Sullivan in the *Padula* case, at page 111, which states in part as follows: "I take the position that the distinction is this: claims calling for equitable relief, such as the turning over of specific property forming part of a trust estate, or for specific performance, need not be presented. Cleaveland, Hewitt & Clark, Probate Law, p. 267; *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 189 . . . ; *Connecticut Trust & Safe Deposit Co.* v. *Security Co.,* 67 Conn. 438, 443 . . . ; *Beard's Appeal,* 78 Conn. 481, 483 . . . . All other claims, whether in rem or in personam, must be presented. Since the relief sought in the case at bar was equitable, the presentation of a claim to the administratrix was unnecessary."

The complaint, as against the defendant executrix, seeks only specific performance of an agreement to assign a patent. No claim for money damages is made against the defendant in her administrative capacity. It is clear that the plaintiff is

not and was not a creditor of the decedent and is not suing as such. It is suing the defendant executrix to compel her to execute various papers necessary to perfect the plaintiff's rights in and to, and its record ownership of, specific property—the improvement or invention described in the complaint and the patent rights relating thereto—to enable the plaintiff to secure and enjoy its rights in such property. An agreement to assign an invention and patent rights is a proper subject for specific performance. *New Haven Sand Blast Co.* v. *Dreisbach,* 102 Conn. 169.

The relief sought is purely equitable. Even if regarded as an action in personam; see *New Haven Sand Blast Co.* v. *Dreisbach,* supra, 179; in its nature it is essentially an equitable action and one which is quasi in rem. The plaintiff did not lose its rights in not presenting its claim to the defendant executrix within the time limited. See *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 189; *Dennen* v. *Searle,* 149 Conn. 126, 140.

The case of *Cone* v. *Dunham,* 59 Conn. 145, cited by the defendant in support of the demurrer, can be distinguished from the present case. That action, for specific performance to recover certain shares of stock belonging to the plaintiffs' decedent by way of an implied trust imposed on the defendants' decedent, was dismissed on the ground that it was barred by the Statute of Limitations, rather than because of failure to present a claim against the estate of the defendants' decedent. Moreover, specific performance was sought for a number of shares of stocks unsegregated from the total number owned by the defendants' decedent, rather than for specific shares of stock. See 2 Locke & Kohn, op. cit., p. 504 n.4; *Padula* v. *Padula,* supra, 107.

The second count of the demurrer has been withdrawn by the defendant on the agreement of the plaintiff to amend its complaint to set forth a separate count alleging a cause of action against the defendant individually for detaining or converting property belonging to the plaintiff. See 2 Locke & Kohn, op. cit., p. 504.

The demurrer to the plaintiff's complaint is overruled.