[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
This case involves an action commenced by the plaintiffs on December 23, 1997 seeking possession of a parcel of land in the Town of Somers, Connecticut. The plaintiffs, Top of the Town LLC, complain that the defendant, Somers Sportsmans Association, occupies land which the plaintiff recently purchased, and that said defendant has failed to quit possession after being served with a notice to do so.
The defendant admits that it occupies the land in question and that it has not complied with the notice to quit. The defendant also filed a nine-count counterclaim alleging, among other claims, that it has acquired title of the land by adverse possession.[1] The defendant also filed twenty special defenses to the plaintiff's complaint. On March 9, 1998, the plaintiff filed a Motion for Summary Judgement alleging that there are no genuine issues of material fact to be decided as to the complaint and the counterclaims.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miller v. United Technologies Corp., 233 Conn. 732, CT Page 4654 745, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Gogin, 208 Conn. 606, 616, 546 A.2d 606
(1988). "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Daily v. New Britain Machine Co., 200 Conn. 562, 568 (1986).
In their motion for summary judgement the plaintiffs argue that there are no material issues of fact concerning the defendant's counterclaim for adverse possession. "The essential elements of an adverse possession sufficient to create a title to the land in the adverse possessor are that the owner shall be ousted of possession and kept out uninterruptedly for a period of fifteen years, by an open, visible, and exclusive possession by the adverse possessor, without the license or consent of the owner." Robinson v. Myers, 156 Conn. 510, 517 (1968), quoting Stevens v. Smoker, 84 Conn. 569, 574 (1911). "An ouster is a wrongful dispossession or exclusion of a party from real property, who is entitled to the possession. Like all other wrongful acts, it involves a question of intent." Newell v. Woodruff 30 Conn. 492,497 (1862) In the final analysis, whether the possession is adverse is a question of fact for the trier. Padula v. Padula,138 Conn. 102, 110 (1951)
In its memorandum in support of the motion for summary judgement, the plaintiffs allege that the defendant was invited onto the property in question in 1957 by the then owner, Robert Galbraith. This fact is not in dispute. However, the plaintiff goes on to argue that since the initial entry was with consent, the defendants continued use of the land over the next 41 years was with the consent of the owners. Therefore, the plaintiffs argue, the plaintiffs and their predecessors were never "ousted" from the property and cannot acquire title by adverse possession. The plaintiffs' quantum leap from initial consent to continuing consent is unsupported by evidence. The fact that a party is initially invited to use a parcel of land does not preclude said party from thereafter acquiring that land by adverse possession. Whether or not that occurred in this case is a question of fact. CT Page 4655
The plaintiff does not offer any evidence to the court concerning its motion for summary judgement except as to the defendant's counterclaim of adverse possession. As to that matter, the only evidence submitted by the plaintiffs are four documents: (1) Assessor's records relating to the property in question. (2) Copies of insurance certificates and letters concerning insurance on the property. (3) A copy of a proposed purchase agreement from the defendant. (4) Letters from trustees of Fleet Bank concerning the property. No affidavits have been submitted by the plaintiff in support of its motion for summary judgement.
The proposed purchase agreement relied on by the plaintiff is dated 1977. A twenty-year old document does not disprove that the defendant was adversely in possession of the land over the past fifteen years. In addition, one of the letters from the bank submitted by the plaintiffs, dated February 19, 1979, states that the defendant had been given apparent verbal authority by Robert Galbraith to use the property during his lifetime and goes on to express concern that not only is the defendant still using the property, but that the defendant has built a structure on the property. Mr. Galbraith's death certificate, submitted by the defendant, indicates that he died in 1967. These facts suggests that the consent relied on by the plaintiffs may have terminated with the death of Mr. Galbraith and the continued use and improvement of the property by the defendant was viewed as adverse to the owners. The other issues concerning insurance and payment of taxes in and of themselves are not dispositive of the claim of adverse possession but are pieces of evidence to be considered in reaching that judgement.
In addition to the above, the defendant has submitted affidavits as well as documents which, when considered together with the pleadings, rebut the claim raised by the plaintiffs that there are no unresolved material issues in this case. There is a defendant's affidavit describing the defendant's continuous use of the property in question in an adverse, open, and exclusive manner over a period of fifteen years. The photographs offered by the defendant show the property to be fenced with a lock on the gate, it is posted with no trespassing signs, and it is posted with notices that the property is to be used only by members of the association and their guests. There is also evidence that the defendants have made improvements to the property. These are all unresolved material issues of fact which relate to the defendants claim of adverse possession. CT Page 4656
The plaintiffs next argue that "since the [defendant] has no claim to the property by virtue of adverse possession", the only other means by which the defendant can claim title is to have been "granted" the property. They argue that since the defendant has not alleged the existence of a written memorandum concerning any such grant of the land the Statute of Frauds precludes the defendant from making any such claim.
Finally, the plaintiffs conclude, with a broad stroke of the pen, that since the defendant cannot succeed in its claim for adverse possession, and since it does not have any documents granting it title to the property, and since it has been using the land in question with the permission of the owner, "the claims set forth in the remaining counts should be resolved in favor of the plaintiffs."
It isn't enough that the moving party allege that there are no material issues of fact, the moving party must present evidence in support of those allegations before it can be successful on showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitles him to a judgement as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). "In deciding a motion for summary judgement the trial court must view the evidence in the light most favorable to the nonmoving party." Miller v. United Technologies Corp., 233 Conn. 732, 744 (1995). "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-9, 573 A.2d 699 (1990).
In this case the court finds that the plaintiff has not met its burden of showing the nonexistence of material facts as to its complaint or the counterclaims pled by the defendant. The court further finds that the defendant's evidence establishes that there are unresolved material issues of fact to be decided by the CT Page 4657 trier. Accordingly, for the reasons stated above, the motion for summary judgement is denied.
Terence A. Sullivan, J. Superior Court Judge