### GEORGE L. MARTIN *vs.* BENJAMIN F. SIMPSON.

If the roof of a building is so constructed that the water which falls or accumulates thereon is projected therefrom so as to be thrown over the line of the owner's land, in and upon the premises of the adjoining proprietor, in such quantities and manner as to weaken, impair or in any way injure a wall of the latter, by means whereof the same is in part caused to fall upon the building, a tenant of the building cannot recover damages for the injury thereby occasioned to his property or business therein.

TORT, brought by the tenant of a building to recover damages for injuries sustained by reason of the falling of the wall of the

Martin *v.* Simpson.

defendant's adjoining building upon the building occupied by the plaintiff.

At the trial in the superior court, before *Brigham, J.,* there was evidence that the building occupied by the plaintiff and that of the defendant were so close to each other that the roof of the former, at its eaves, touched the wall of the latter for a part of the length thereof, and for the remainder of the distance was within two or three inches thereof; that just prior to the fall of the defendant's wall there had been a very heavy shower of rain, and a great quantity of water ran down the roof of the building occupied by the plaintiff, and against the defendant's wall, the effect of which was to wash and soften the mortar in the same to such an extent as to loosen the stones and cause them to slide and fall in, so that the wall fell and broke through the roof of the adjoining building and injured the plaintiff's property and business therein. The defendant's wall opposite to the eaves of the adjoining building had been recently built, and the evidence was conflicting as to whether it was well or poorly built. Various questions of evidence arose in the course of the trial, which are now immaterial.

The judge instructed the jury that if the defendant's wall was improperly, unskilfully or negligently constructed in its work and materials, and if water from the plaintiff's roof, flowing off in its usual mode and in an ordinary amount, caused or contributed to cause the fall of the wall, the defendant would still be liable, if he exposed his wall to this flow without reasonable precaution while the wall was building; that the rights of the parties were to depend upon the condition of things existing at the time the building was begun; and that the defendant was not obliged to take precautions against any extraordinary convulsions of nature, such as an earthquake or flood.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Webster,* for the defendant.

*T. H. Sweetser & W. S. Gardner,* for the plaintiff.

BIGELOW, C. J. The instructions given to the jury in this case omitted an essential element, on which the plaintiff's right

to recover depended.   The gist of the action was negligence.
Upon familiar principles, it was incumbent on the plaintiff to
show that the neglect or unlawful act of the plaintiff or of the
owner of the building in his possession and occupation had not
contributed to produce the injury for which he sought to recover
damages of the defendant.   No one has a right, by an artificia'
structure of any kind upon his own land, to cause the water
which falls and accumulates thereon in rain or snow to be dis-
charged upon land of an adjacent proprietor.   Such an erection,
if it occasions the water to flow, either in the form of a current
or stream, or only in drops, works a violation of the adjoining
proprietor's right of property, and cannot be justified, unless a
right is shown by express grant or by prescription.   In this
respect, the principles of the civil and common law are similar
Among the urban servitudes to which land was subject by the
civil law, and which could be acquired only like other easements
in real property, were *stillicidium*, or the right to have water
drop, and *flumen*, or the right to have it flow in a stream through
a spout or conduit, from a roof or other structure upon adjoining
premises.   But in the absence of any title to the enjoyment of
such easement, it could not be exercised without a violation of
the right of property in the land of the adjacent proprietor.   And
so it is at common law.   Such a violation of right may be
caused by extending the roof of a building beyond the line of
separation between the two estates, or by constructing it in such
manner as to throw the water falling thereon by its own im-
pulse and direction across this line, and thereby causing it to be
discharged on the adjacent premises.   Gale & Whatley on
Easements, 176.   Washburn on Easements, 390.   *Fay* v. *Pren-
tice*, 1 C. B. 828.   *Tucker* v. *Newman*, 11 Ad. & El. 40.   These
principles, applied to the facts in proof at the trial of this case,
are quite decisive against the right of the plaintiff to maintain
this action; and, if they had been presented to the jury, would
probably have led their minds to a conclusion different from that
which they declared by their verdict.   The evidence offered by
the plaintiff tended to show that the building occupied by him
at its eaves touched the wall of the defendant, and that just

prior to the fall of that wall by which the injury to the building occupied by the plaintiff was occasioned, there was a heavy shower of rain, during which a great quantity of water flowed down the plaintiff's roof and against said wall, by which the mortar between the stones was softened and washed out to such an extent as to loosen the stones and cause them to slide and fall over. In this way it appears that the plaintiff was in possession of a structure which worked an injury to the defendant's premises. He had no right to put his property in a building which caused the water to flow from its roof in such manner as to weaken or impair the strength or solidity of any structure which was placed on the defendant's own land. Such a flow of water in, upon or against the defendant's wall was in the nature of a nuisance; and if it contributed in any degree to produce the fall of the defendant's wall, the plaintiff cannot recover damages thereby caused to his property in the building by the wrongful erection of which the injury was in part occasioned, even although it was proved that the defendant had constructed his wall negligently or unskilfully. In such a state of facts, the case falls within and must be governed by the familiar and well settled rule of law, that no one can maintain an action for a wrong, when it appears that he has consented or contributed to the act which occasions the loss or damage. *Horton* v. *Ipswich,* 12 Cush. 488. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Dowell* v. *Steam Nav. Co.* 5 El. & Bl. 195. The instructions to the jury should have been substantially as follows: If the roof of the building occupied by the plaintiff was so constructed that the water which fell and accumulated thereon was projected therefrom, so as to be thrown over the line of the land in the plaintiff's occupation, and in and upon the premises of the defendant, in such quantities and in such manner as to weaken, impair or in any way injure the wall of the defendant, by means whereof the injury complained of was in part occasioned, then the plaintiff cannot recover in this action.

Inasmuch as the case seems to have been tried without a due consideration of the principles applicable to the facts in proof, we deem it best to send it to a new trial, without passing on

several exceptions which were taken to the admission of evidence, which on a new hearing may become immaterial.

*Exceptions sustained.*