## CARL L. STEIN vs. JOHN COLEMAN.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An injunction will not be granted to prevent a threatened trespass which does not involve irreparable injury, or a quieting of possession, or jeopardy to the inheritance.

A judgment based upon facts found but not averred or involved in the issue is erroneous.

The complaint in the present case alleged that the defendant so constructed his dwelling-house and graded his grounds, that rainwater flowed therefrom in, upon and through the adjoining premises of the plaintiff, washing away the soil, uprooting shade and fruit

trees, and destroying his lawn. *Held* that the complaint did not charge that the defendant had collected the surface water from his roof and grounds and by artificial means had cast or poured it directly upon the plaintiff's premises, and therefore the trial court erred in permitting the jury to consider and determine the case as if it involved such an issue.

Argued January 16th—decided February 12th, 1901.

ACTION to restrain the defendant from discharging rain and surface water from his house and land upon the adjoining premises of the plaintiff, and for damages, brought to the Superior Court in New Haven County and tried to the jury before *Thayer, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The fourth, fifth and sixth paragraphs of the complaint are as follows: —

"4. The defendant had his dwelling-house so built and constructed, and the premises between said dwelling-house and the property of the plaintiff so graded, that whenever it rained the rain water falling on the roof of the said dwelling-house of the defendant and upon the premises of the defendant between said dwelling-house and the premises of the plaintiff flowed from the aforesaid premises and dwelling-house of the defendant in, upon, and through the above-described premises of the plaintiff. 5. In consequence whereof great quantities of water were caused to flow and have since flowed from the aforesaid premises and dwelling-house of the defendant in, upon, and through the aforesaid premises of the plaintiff. The soil of the said premises of the plaintiff has been washed away, the lawn destroyed, and valuable fruit and shade trees uprooted and destroyed. 6. Unless the grade of the said premises of the defendant is changed, and the roof of the said dwelling-house altered, said premises of the plaintiff will be irreparably injured, and great quantities of the plaintiff's land washed away and all its shade and fruit trees destroyed by the water flowing from the said premises and dwelling-house of the defendant in, upon, and through the aforesaid premises of the plaintiff."

The defense was the general issue. The case was tried to the jury, and the plaintiff had a verdict. The court rendered judgment for the plaintiff for damages, and granted the injunction, and the defendant appealed.

*Charles S. Hamilton*, for the appellant (defendant).

*Robert C. Stoddard*, for the appellee (plaintiff).

ANDREWS, C. J. There was error in granting the injunction. The record does not show a case calling for that remedy. An injunction is not to be granted to prevent a threatened trespass. There is nothing in the case to bring the injury complained of within the head of quieting possession, or so as to make out a case of irreparable injury, or one in which the inheritance was put in jeopardy. The injunction should have been denied. *Smith* v. *King*, 61 Conn. 511.

The finding shows that upon the trial of the cause to the jury the plaintiff offered evidence tending to prove and claimed to have proved that there was upon his premises, in addition to the buildings, a lawn which has shrubbery and flowers growing thereon; that the defendant constructed his dwelling-house with gutters at the eaves to collect the water falling upon the roof thereof, and two iron pipes or leaders to conduct the water so collected down from the gutters to about eighteen or twenty inches from the ground, with spout at the lower end of the leaders turned out towards the plaintiff's land so that the water collected upon the roof as aforesaid was brought down by the leaders and poured directly upon the plaintiff's land. He also offered evidence to prove and claimed to have proved that the defendant had so constructed and graded the premises between his house and the plaintiff's land and covered the surface with concrete or tar, that any water brought from the roof by the leaders aforesaid and deposited upon such concrete was turned and ran directly upon the plaintiff's land; and that the water which had thus been poured upon his premises had gullied out his lawn and washed sand thereon, torn up the shrubberies and washed away the soil from the roots of his trees, doing him great damage.

In respect to the evidence so offered and the facts so claimed to be proved, the defendant requested the court to instruct the jury that there was "no allegation in the complaint that the defendant turned the water from the conductors, or ran his conductors upon the premises of the plaintiff; nor any allegation that the defendant so constructed his conductors or the concrete along his house that thereby the water was caused to flow upon the plaintiff's premises;" and that as the complaint did not contain any of these allegations the jury could not consider any of them as being in the case, or as grounds of action upon which the plaintiff could recover.

The court did not so charge the jury, but did instruct them on this part of the case, in substance, as follows: The erection of a building on the land of any owner, or any change of the grade of his land, must necessarily cause some change in the direction that rain or melted snow which falls on the surface will take; and if the drip from the eaves of the building, or from the spout of a leader from the roof, falls upon his own land, the adjoining proprietor cannot complain, though more of the water so falling should come upon his land than would have come upon it had such building not been erected or the grade changed. "But while this is the law it is not permitted that the owner of land may accumulate the surface water thereon and by artificial means turn it upon his neighbor's land for the purpose of relieving his own from it. . . . He may not, for his own convenience, by a spout or trough projecting from the roof, take water by means of a gutter or eaves' trough and pour it directly upon his neighbor's land; nor may he, for the purpose of protecting the foundation of his building, build upon his own land a ditch or gutter of concrete or other substance, and so turn the water brought from his roof, as just described, directly upon his neighbor, to his injury. Such use of his own land is not a lawful use of it, and for injury so caused he would be liable to the adjoining landowner."

The court then proceeded to discuss the evidence in the case, including that to which we have referred, and the case was committed to the jury. After the jury had been out for

some time they came in and asked for further instruction. The foreman said to the judge : " The jury are not agreed as to the law in regard to collecting water and letting it run so that it runs onto another man's premises. . . . This collection of water on the roofs is the main point." The judge said to them : "I said to you, gentlemen, that a party has the right to grade his land and build it up by grading, or he has a right to build upon it, and to build upon it clear to the adjoining proprietor's land; but in that case, the water that falls upon the roof of the building or upon the grade of the lot becomes surface water when it gets there, and he may not by gutters upon the roof accumulate the water there, all that falls upon the roof or upon half of the roof, and by means of a leader or spout throw it upon his neighbor's land. When he does that and accumulates it by artificial means, he must take care of it. And to turn it upon his neighbor's land by such artificial means where it injures his neighbor by doing so, is a wrongful act, and the neighbor, the adjoining proprietor, may recover such damages as he suffers by reason of such wrongful act. *The foreman:* I believe that covers all that we wish to know."

The correctness of the instruction given to the jury, as a legal proposition, is not now in question. It seems to be very evident that the verdict was rendered against the defendant because the jury believed he had collected the surface water upon his own premises, either that which fell upon the roof of his house or upon his land between his house and the land of the plaintiff, and had by artificial means poured or thrown it directly upon the land of the plaintiff.

The defendant insists that there were no averments in the complaint which made the evidence of any such facts admissible, or made it proper for the court to discuss it before the jury, or to permit them to consider it at all, or render a verdict upon it.

We are not able to escape the force of this claim. The material parts of the complaint are set out in the statement. The fourth paragraph contains all the allegations of things done by the defendant by reason of which damages are

claimed from him. There is certainly no allegation in it that the defendant has collected water on his roof, or on the surface of his lot, and poured it or thrown it by artificial means directly onto the premises of the plaintiff. There is nothing in it about gutters, or eaves' troughs, or leaders, or spouts, or concrete, or any of those things which the plaintiff claimed to have proved. Indeed, not only do these allegations not appear, but the subsequent parts of the complaint make it apparent that the pleader had no intent to charge the defendant with having collected water and cast it by artificial means upon the plaintiff's land. The fifth paragraph says: "In consequence whereof (that is, in consequence of the construction of the defendant's roof and the grading of his land as alleged in the fourth paragraph) great quantities of water were caused to *flow* and have since *flowed* from the aforesaid premises and dwelling-house of the defendant in, upon, and through the aforesaid premises of the plaintiff." The sixth paragraph says that "unless the grade of the said premises of the defendant is changed and the roof of the said defendant's dwelling-house altered, said premises of the plaintiff will be irreparably injured." These allegations indicate that the only wrongful act of the defendant which the pleader had in mind, and for which he intended to claim that the defendant was liable to the plaintiff, was the structural form of his roof and the graded form of his land between his own house and the premises of the plaintiff. The pleader had no thought that the defendant had collected rain water and cast it by artificial means onto the plaintiff's land. So he did not allege it.

This court has repeatedly decided, and within the last few years, that facts proved but not averred cannot be made the basis of a recovery. *Whiting* v. *Koepke*, 71 Conn. 77. A judgment based upon facts found by the trial court but not involved in the issues raised by the pleadings, is erroneous and cannot be upheld. A failure to demur, or to object to the evidence offered to prove the facts found, does not preclude the losing party from asserting and taking advantage of the error on appeal. *Greenthal* v. *Lincoln, Seyms & Co.*,

67 Conn. 372.   See also *State* v. *Connolly*, 72 id. 607 ; *Moran* v. *Bentley*, 69 id. 392 ; *Donovan* v. *Hartford Street Ry. Co.*, 65 id. 201 ; *Ives* v. *Goshen*, 63 id. 79, 82 ; *Sanford* v. *Peck*, ibid. 486, 491 ; *Pitkin* v. *New York & N. E. R. Co.*, 64 id. 482 ; *Atwood* v. *Welton*, 57 id. 514 ; *Taylor* v. *Keeler*, 50 id. 346 ; *Powers* v. *Mulvey*, 51 id. 432 ; Practice Act, Rule 4, § 6 ; Bliss on Code Pleading, §§ 327, 357 ; 1 Chitty on Pleading, *255.

The defendant was entitled to have the instruction to the jury which he requested, given to them ; and in failing to do so the Superior Court erred.

There is error, the judgment is set aside and a new trial granted.

In this opinion the other judges concurred.