## DAVIS v. SMITH.

(Filed April 10, 1906).

*Injuries to Adjacent Owner from Water—Pleadings.*

Where the complaint alleges that "the roof of defendant's building, a large three story livery stable, not being provided with gutters, the water collected thereon is thrown against the wall of plaintiff's building adjacent thereto, which keeps the plaintiff's wall moist and wet all the time, and this water has leaked through the plaintiff's wall and injured her building, and the water has collected at the foot of her wall and this has put her to expense in drainage of her building under orders of the health officer, to which she would not otherwise have been subjected," the demurrer that the complaint did not state a cause of action should have been overruled.

ACTION by Lelia R. Davis against John W. Smith, heard by *Judge G. S. Ferguson,* at the March Term, 1906, of the Superior Court of DURHAM. From a judgment sustaining a demurrer *ore tenus,* the plaintiff appealed.

*Manning & Foushee* for the plaintiff.
*R. B. Boone* for the defendant.

CLARK, C. J.   The complaint alleges that the roof of defendant's building, a large three-story livery stable, not being provided with gutters, the water collected thereon is thrown against the wall of plaintiff's building adjacent thereto, which keeps the plaintiff's wall moist and wet all the time, and this water has leaked through the plaintiff's wall and injured her building, and the water has collected at the foot of her wall and this has put her to expense in drainage of her building, under orders of the health officer, to which she would not otherwise have been subjected. The demurrer that the complaint did not state a cause of action should have been overruled.

The water falling on the defendant's lot, in its natural condition, could run off as nature provided for it, and the lower proprietor could not complain. But when the defendant erected a building, the roof prevented part of the rain fall from being soaked up by the ground, and when the defendant collected it on his roof and discharged it against the plaintiff's wall, or increased the quantity at the foot of the plaintiff's wall, he diverted the water from its usual course and became responsible for any damage caused thereby. *Porter v. Durham,* 74 N. C., 767.

The demurrer also admits the further allegation of the complaint "that the plaintiff has complained to the defendant at various times of this condition and has requested him to remedy it; that it could be remedied by the defendant at little cost by putting upon his building proper gutters and drains from the gutters under the sidewalk of Main street, as the plaintiff has done, but the defendant has persistently refused to do."

In *Shipley v. 50 Associates,* 106 Mass., 194; 8 Am. Rep., 318, it is held that maintaining a building with a roof constructed so that snow and ice collecting on it from natural causes would probably fall upon an adjoining highway, renders the owner liable to the person injured. It is there said that "It is not at all a question of reasonable care and diligence in the management of his roof, and it would be of no avail for the party to show that the building was of the usual construction and that the inconvenience complained of was one which, with such roof as his, nothing could prevent or guard against. He has no right so to construct his building that it will inevitably, at certain seasons of the year and with more or less frequency, subject his neighbor to that kind of inconvenience; and no other proof of negligence on his part is needed. He must at his peril keep the ice or snow that collects upon his roof within his own limits, and is responsible for all damages if the shape of his roof is such

as to throw them upon his neighbor's land in the same manner as he would be if he threw them there himself." To the same effect, *Gould v. McKenna,* 86 Pa. St., 297; 27 Am. Rep., 705; *Hazeltine v. Edgmand,* 35 Kan., 202; 57 Am. Rep., 157.

30 Am. & Eng. Enc. (2 Ed.), 342, says: "The owner of a building must prevent the water from the roof thereof from falling upon adjoining land belonging to another, and if he fails to do so he is liable therefor." To same purport, *Copper v. Dolvin,* 68 Iowa, 757; 56 Am. Rep., 872; Gould on Waters (2 Ed.), sections 292 and 293. To throw the water against the plaintiff's wall is to throw it on her land. In *Porter v. Durham, supra,* the court says that the higher owner "cannot artificially increase the natural quantity of water or change its natural manner of flow   *   *   *   in a different manner from its natural discharge." The erection of a large three-story building and the discharge of water from its roof either against the plaintiff's wall or in a volume at the foot of her wall, is a "different manner from its natural discharge."

Reversed.