LELIA R. DAVIS v. JOHN W. SMITH.

(Filed 9 April, 1907).

1. **Overflow Water from Higher Building—Damage—Better Construction.**—In an action for damages occasioned plaintiff by water falling from defendant's wall upon her roof, it is incompetent to show that had plaintiff's building been better constructed the damages would have been lessened.

2. **Same—Proper Judgment.**—A judgment containing a mandate that the defendant shall "provide sufficient gutters or pipes or drains for his large wall adjoining plaintiff's, to prevent the water falling from the roof thereof from flowing against plaintiff's building and lot," is proper if it is an appropriate relief and in accordance with the allegations, and the verdict of the jury, though not named in the relief prayed for in the complaint.

DAVIS *v.* SMITH.

CIVIL ACTION, tried before *Moore, J.,* and a jury, at the October Term, 1906, of the Superior Court of DURHAM County.

*Manning & Foushee.* for plaintiff.
*Giles & Sykes* for defendant.

CLARK, J. The questions which were presented on the former appeal, 141 N. C., 108, need not again be considered. There was evidence in support of the plaintiff's contentions, and the rulings and instructions of the trial court conformed to what was said by us on the former hearing. The plaintiff is not complaining of the diversion of surface water, and his Honor confined the jury to the damage done the plaintiff's wall by water falling from the defendant's roof. *Davis v. Power Co.,* 171 N. Y., 336; 89 Am. St., 817. If the defendant caused or permitted this, it was not competent to show that if the plaintiff's building had been better constructed the damage would have been lessened. *Fitzpatrick v. Wellor* (Mass.), 48 L. R. A., 278; *Gould v. McKenna,* 86 Pa. St., 297; 27 Am. St., 705. The other exceptions of the defendant do not require discussion.

The judgment contains, besides the adjudication for the recovery of the damages assessed, a mandate that the defendant shall "provide sufficient gutters or pipes or drains for his large building on his said lot, adjoining the plaintiff's, to prevent the water falling from the roof thereof from flowing against the plaintiff's building and lot." This was a proper order upon the allegations and issues found, and was prayed for in the complaint. If it had not been specifically prayed for, the judgment should contain any appropriate relief justified by the allegations of the complaint, and the verdict. *Williams v. Commissioners,* 132 N. C., 301; *Reade v. Street,* 122 N. C., 302, and cases cited.

PER CURIAM.                                    No Error.