## JAMES P. SHEA *vs.* FREDERIC H. GAVITT.

Second Judicial District, Norwich, April Term, 1915.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GREENE, Js.

Expressions in a finding which are intended merely as approximate locations of a fence, which was found to mark the boundary line between adjoining properties, will be construed in harmony with the judgment, notwithstanding trifling differences or variations between the two.

A defendant who alleges that he has acquired a prescriptive right to cast the rain-water, falling upon his roof, against the plaintiff's wall, assumes the burden of proving not only the maintenance of his building in its then existing condition for fifteen years or more, but also that it was so maintained adversely and under a claim of right.

While proof of open and long continued user is important evidence to establish an easement, and may carry conviction to the mind of the trier that the use was adverse and under claim of right, the probative effect of such evidence is, in this State, a question of fact and not of law. Accordingly, the fact that defendant's roof was maintained in the same condition for thirty years or more prior to the time in question, is not necessarily and as matter of law inconsistent with an adjudication that no easement was thereby created.

The right of eaves-drip upon adjoining property—unlike the right to discharge surface water—is not one inherent in or appurtenant to the ownership of land, and can, therefore, be acquired only by grant or prescription.

Argued April 28th—decided June 10th, 1915.

ACTION to recover damages for injury to the brick wall of the plaintiff's building caused by the discharge upon and against it of the rain-fall from the roof of the defendant's adjoining building, brought to and tried by the Superior Court in New London County, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $200, and appeal by the defendant. *No error.*

In this court the appellee filed a plea in abatement to the appeal, to which the appellant demurred. *Demurrer sustained and plea overruled.*

The complaint alleges that the defendant has for several years maintained a certain building whose roof is so constructed as to cast rain-water against the wall of a building owned by the plaintiff, and claims damages for the injury caused thereby, and an injunction against the continuance of the nuisance. The answer as amended denies all the allegations of the complaint, thus putting in issue the plaintiff's title, and, for a second defense, alleges that the defendant has acquired by prescription a right to allow the flow of rain-water from the roof of his building against the wall of the plaintiff's building. It appears from the finding of facts that the plaintiff and defendant were the owners of adjoining lots fronting upon Bank Street in the city of New London. Before this controversy arose the front portion only of the plaintiff's lot was built upon, and the defendant's lot was occupied in part by a building extending back from Bank Street, whose side walls and eaves seem to have projected slightly over the unused portion of the plaintiff's lot for a linear distance of twelve feet, and whose eaves were within five or six inches of plaintiff's claimed line for a further distance of thirty-eight feet. About 1903 plaintiff built a brick addition in the rear and on the rear of his former building, and extended the side wall of the building along his claimed line and higher than the defendant's eaves. In so doing the plaintiff did not attempt to remove that part of the defendant's side wall and eaves which encroached over the plaintiff's claimed line, but recessed his brick side wall to receive the same, so that for a linear distance of twelve feet plaintiff's side wall enclosed the side wall of defendant's building to the extent of two inches and the eaves of the defendant's building to the extent of three inches, and for a further linear distance of thirty-eight feet the plaintiff's wall is within five to six inches of the

defendant's eaves.  Up to the time when the plaintiff built this addition the roof of the defendant's building on the side next to the plaintiff's lot had been for more than thirty years maintained, as it existed at the time of trial, without any gutter or spouts or other means, except the slope of the roof, for collecting, directing or obstructing the flow of rain-water falling thereon. There is no express finding that it was so maintained adversely or under a claim of right.  When the plaintiff built his addition he placed a trough or gutter along the defendant's roof at the place where the defendant's eaves came in contact with his side wall to protect the latter from injury by rain-water, but the defendant, at some time before this suit was brought, removed the same.   The cost of erecting and maintaining such a gutter or a trough on the defendant's building would be small compared with the damage to the plaintiff's wall caused by water cast thereon by the roof of defendant's building, if continued without interruption for a long time.  The trial court found that the casting of rain-water from defendant's roof against the plaintiff's wall constituted a continuing nuisance, and awarded the plaintiff $200 as damages sustained since the removal of the gutter above mentioned, but refused to enjoin the defendant from continuing the nuisance.

Defendant assigns as reasons of appeal that the court erred in ruling: (1) that the defendant had no right to allow the natural flow of water from the roof of his building against the wall of the plaintiff's building; and (2) that the defendant had no right by prescription and adverse possession to allow the natural flow of water from the roof of his building against the wall of the plaintiff's building.  The third reason of appeal is in form a general assignment of error and is not entitled to consideration under the statute.

Shea *v.* Gavitt.

*Tracy Waller,* for the appellant (defendant).

*Hadlai A. Hull* and *C. Hadlai Hull,* for the appellee (plaintiff).

BEACH, J. The judgment for the plaintiff necessarily involves an adjudication in plaintiff's favor on the issue of title, and that he was within his rights in building the side wall of the addition to his building in the manner described in the finding. It was claimed on argument that certain findings of subordinate facts were inconsistent with this adjudication. This question is not properly brought before us by a specific assignment of error, but we are satisfied that the findings are consistent with the judgment. The court finds that the boundary line between the plaintiff's and defendant's lands, according to the plaintiff's deed, was by and along a certain fence; that the plaintiff built his side wall on and along the line forming the boundary line; and that a fence, evidently the same fence referred to in the plaintiff's deed, had been maintained for twenty-five years as the defendant's boundary line, which fence was taken down when the plaintiff's wall was built.

This fence is described in the finding as extending "from the corner of the wider part of the defendant's building" and running in a direction away from Bank Street "about one foot distant from the defendant's building"; and the description of the location of the fence as it existed before the plaintiff's side wall was built is supposed to be inconsistent with the conclusion that the defendant's wall is on the boundary line, because the wall is two inches inside of the extreme outer corner of the wider part of the defendant's building, and because it is from eight to nine inches, instead of about one foot, distant from the defendant's building. We

think, however, that the words "from the corner," and "about one foot," were intended merely as approximate locations, and when so understood they are entirely consistent with the other findings and with the judgment. We will not, by construction, create an inconsistency when it is clear that none was intended.

The defendant's claim of prescriptive right, presented by the second assignment of error, is negatived by the judgment and is not supported by the findings. The burden of proof was on the defendant to establish not only the maintenance of his building in its present condition for fifteen years or more, but also that it was so maintained adversely and under a claim of right. The maintenance of the building for the requisite time is found as a fact; but there is no finding that it was so maintained adversely or under a claim of right. *Non constat* but that it was so built or maintained by consent, sufferance, or implied license. It is argued that the mere maintenance of the building for so long a time is prima facie proof of an adverse claim of right. Whether that is true or not of the two inches as to which the defendant's building apparently encroached upon and occupied the plaintiff's land, is immaterial to the decision of this case; for on this appeal we are concerned, not with the actual occupancy of the soil by the building, but with the claim of an easement extending beyond the limits of such actual occupation. Whatever the rule may be in other jurisdictions, the probative effect of a long-continued unexplained use which does not wholly exclude or dispossess the owner of the legal title is, in this State, a question of fact and not of law. "The circumstances of this class of cases are so varied, and it is so important that every circumstance should be taken into consideration, that we doubt the propriety of laying down universal and absolute rules of law as to the effect in evidence of particular facts.

The party claiming title to an easement by user must of course satisfy the triers that the use was under claim of right and acquiesced in as such, and no doubt the fact of fifteen years open and continuous use is important evidence, and may in many cases, under the circumstances of the use, carry conviction to the mind of the trier that it was under claim of right; yet we think the force of the evidence is matter of fact, and that the law does not give to it any peculiar effect, and that we ought not to grant a new trial because the court below refused to charge the jury in the manner requested by the plaintiffs." *Bradley Fish Co.* v. *Dudley,* 37 Conn. 136, 147. In that case the easement claimed was a right of way, and the plaintiffs asked the court to charge the jury that an open and continuous use of the way for fifteen years unexplained is presumed to be under a claim of right and adverse. In *Russell* v. *Davis,* 38 Conn. 562, the rule above stated was applied to a case where the abandonment of common land was in question. We see no reason why it is not equally applicable to the present case; for it is not inherently improbable, or contrary to the usual course of human conduct, that the plaintiff's grantors may have suffered the defendant's roof to eaves-drip on an unused portion of their lot as a matter of favor. It follows that the finding of fact of an unexplained maintenance of the defendant's roof for thirty years prior to 1903, is not inconsistent in point of law with the adjudication that no easement was thereby created.

The remaining question in the case is that raised by the defendant's first assignment of error, and the legal question involved is whether the defendant has a right, inherent in the ownership of his land, to permit the rain-water from his roof to flow against the plaintiff's side wall.

On this branch of the case the defendant's claim of law is that rain-water falling on the roof becomes surface water, and that under our decisions the defendant has the right to discharge such surface water on the plaintiff's property, provided he does not collect it and discharge it in unreasonable volume through artificial means.

Laying aside the question of whether the defendant correctly interprets our decisions, his claim comes to the point that the right of eaves-drip upon adjoining property is a right appurtenant to the ownership of land. We think this claim is fundamentally unsound. An examination of our decisions on the subject shows that they dealt with water flowing on the surface of the ground. *Adams* v. *Walker,* 34 Conn. 466; *Grant* v. *Allen,* 41 Conn. 156; *Chadeayne* v. *Robinson,* 55 Conn. 345, 11 Atl. 592; *Smith* v. *King,* 61 Conn. 511, 23 Atl. 923; *Byrne* v. *Farmington,* 64 Conn. 367, 30 Atl. 138; *Goldman* v. *New York, N. H. & H. R. Co.,* 83 Conn. 59, 75 Atl. 148; *Thompson* v. *New Haven Water Co.,* 86 Conn. 597, 86 Atl. 585.

In *Stein* v. *Coleman,* 73 Conn. 524, 48 Atl. 206, we expressly refused to pass upon the correctness of a portion of the charge of the trial court which laid down the doctrine that rain-water falling on the roof was to be regarded as surface water; and it is plain that the right to dispose of surface water by allowing so much of it as is not absorbed by the ground to pursue its natural course, is quite a different thing from the right, claimed in this case, to intercept rain-fall and divert it upon adjoining property before it reaches the ground at all.

In fact, the recognition by the common law of an easement of eaves-dripping, to be acquired by express grant or prescription, is inconsistent with any supposed common-law right of eaves-dripping as an appurtenance of the ownership of adjoining land.

As Mr. Washburn puts it, the easement "grows out of the fact, that, for one to construct the roof of his house in such a manner as to discharge the water falling thereon in rain, upon the land of an adjacent proprietor, is a violation of the right of such proprietor, if done without his consent, and this consent must be evidenced by express grant or prescription." Washburn on Easements (3d Ed.) * 390.

The authorities exactly in point do not seem to be very numerous, but so far as we know they are in accord with the above statement.

In *Martin* v. *Simpson*, 88 Mass. (6 Allen) 102, 104, it is said: "No one has a right, by an artificial structure of any kind upon his own land, to cause the water which falls and accumulates thereon in rain or snow to be discharged upon land of an adjacent proprietor. Such an erection, if it occasions the water to flow, either in the form of a current or stream, or only in drops, works a violation of the adjoining proprietor's right of property, and cannot be justified unless a right is shown by express grant or by prescription."

In *Davis* v. *Smith*, 141 N. C. 108, 53 S. E. 745, the complaint demurred to alleged the same condition of fact as exists in this case, of rain-water thrown against the plaintiff's wall from a roof not provided with gutters; and the decision overruling the demurrer rests in part on the admission that this condition could be remedied at little cost by proper gutters and drains, and in part on the ground that a roof which prevents part of the rain-fall from soaking into the soil, collects and discharges the rain-water in a manner different from its natural discharge.

In *Huber* v. *Stark*, 124 Wis. 359, 102 N. W. 12, there was a gutter and connections on the defendant's roof which, under certain conditions of heavy rain-fall or when filled with ice, failed to carry off the rain-fall and

allowed it to fall upon the plaintiff's roof; and the court, relying on Washburn on Easements and on *Martin* v. *Simpson, supra,* held that the right of eaves-dripping is an easement or interest in realty, and does not exist as a mere appurtenance to the ownership of adjoining land. We think this conclusion is correct.

There is no error.

In this opinion the other judges concurred.