ALFONSO VILLANY ET AL. *vs.* FLORINDA D'AMELIO.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

There is no occasion for this court to correct findings of fact which are not essential to the determination of the case.

Whether the continuous and uninterrupted use of a passway for more than thirty years, was "under a claim of right " or not, is a question of fact for the determination of the trial court, a conclusion that may be inferred from the nature and character of the use.

The evidence in the present case reviewed and *held* to fully justify the finding that the use of the passway made by the plaintiffs was under a claim of right.

Argued October 25th—decided November 30th, 1921.

SUIT to restrain the defendant from interfering with the plaintiffs' use of a passway, and for $300 damages, brought to the City Court of Waterbury and thence, by the plaintiffs' appeal, to the District Court of Water-

bury and tried to the court, *Makepeace, Deputy-Judge;* judgment for plaintiffs for an injunction and $1 damages, and appeal by defendant. *No error.*

*Francis P. Guilfoile,* for the appellant (defendant).

*William W. Gager,* for the appellees (plaintiffs).

WHEELER, C. J.   The plaintiffs and their predecessors in title had owned and been in possession of certain premises on the southerly side of Pratt Place in Waterbury, from April 2d, 1886, to the date of trial.   The deed to Christian Porzenheim, one of plaintiffs' predecessors in title, also granted a right to pass and repass over a strip of land ten feet wide on the easterly end of Margaret Moran's land, which bounded Porzenheim on the west, but this passway has never been used by Porzenheim or his successors in title.   Instead, they have used a passway which starts from a gate on Pratt Place which is the north boundary of plaintiffs' premises, and is seven feet wide, of which four feet is located on the Porzenheim land and about three feet on the Moran and Mertz land, and this passway runs from this gate to a gate in the rear of the Mertz northerly boundary, and thence to a gate in the fence between the rear of the Mertz lot and the Porzenheim lot.   The Moran lot bounded that part of the Porzenheim lot lying next to Pratt Place on the west, and adjoining the Moran lot on the south and west of the Porzenheim lot was the Mertz lot.

This passway was not granted or reserved in any of the deeds forming part of the plaintiffs' chain of title. The plaintiffs' claim to the passway is based upon a title by prescription.

The defendant's appeal is without merit, unless her motion to correct the finding be granted in some

material part. If the finding stands, the plaintiffs' title by prescription in this passway is established. We have examined and weighed the evidence, and do not find that it supports paragraphs nine and forty-seven of the finding, but we do not consider these findings essential to the determination of the case. The rest of the motion, except as to the finding that the use of this passway has been "as of right," is not sustained by the evidence.

The appeal of the defendant rests upon her claim that the court improperly found that the use of this passway was under a "claim of right." This use had been continuous and uninterrupted for over thirty years, and so open and visible as necessarily to have been known to defendant and his predecessors in title since April 2d, 1886. *Alling Realty Co.* v. *Olderman,* 90 Conn. 241, 247, 96 Atl. 944.

The remaining element in the proof of this title by prescription, viz: that such use was under a claim of right, is found by the trial court, and its finding must, under our law, stand as a finding of fact. "Whatever the rule may be in other jurisdictions, the probative effect of a long-continued unexplained use which does not wholly exclude or disposses, the owner of the legal title is, in this State, a question of fact and not of law." *Shea* v. *Gavitt,* 89 Conn. 359, 363, 94 Atl. 360. From the nature and continuance of the use, the court might reasonably have inferred as a fact that such use was under a claim of right. "The party claiming title to an easement by user must of course satisfy the triers that the use was under a claim of right and acquiesced in as such, and no doubt the fact of fifteen years open and continuous use is important evidence, and may in many cases, under the circumstances of the use, carry conviction to the mind of the trier that it was under claim of right; yet we think the force of the evidence is

matter of fact, and that the law does not give to it any peculiar effect." *Shea* v. *Gavitt*, 89 Conn. 359, 364, 94 Atl. 360.

We are also of the opinion that the evidence before the court would have fully justified this finding, even though this inference from the use had been disregarded.

The finding that the use was under a claim of right, disposes of the defendant's contention that such use was permissive.

There is no error.

In this opinion the other judges concurred.