CAROLINE MARGARET MELIN *vs.* ISAAC RICHMAN ET UX.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A landowner has no right to collect the rain falling upon the roof of his house and by conductors or other artificial means discharge it upon the land of his neighbor to the injury of the latter; nor is the wrongdoer relieved of liability merely because the water, so collected and discharged, first passes over a cement walk and a narrow strip of his own land.

The reason for this rule is that while a given piece of land may receive without injury a considerable quantity of surface water which gently flows thereon from the upper premises, yet when this is collected and discharged in mass at a given point it may be very injurious.

The charge of the trial judge reviewed and *held* to comply in substance with the law as above stated, except in one non-essential particular which could have done the defendant no harm.

Argued October 26th—decided November 30th, 1921.

SUIT to restrain the defendants from collecting water upon their premises and discharging the same upon the adjoining property of the plaintiff, and for damages, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for an injunction and $300 damages as against Dora Richman, from which she appealed. *No error.*

*Charles Cohen,* for the appellant (defendant Dora Richman).

*John J. Sullivan,* for the appellee (plaintiff).

CURTIS, J. The jury found that the defendant Dora Richman owned the premises complained of, and hence the defendant Isaac Richman may be disregarded,

The complaint contains three counts; the first relates to the alleged artificial collection of rainwater by gutters and leaders upon the roof of a house of the defendant, and the discharge of it in great and injurious quantities upon the adjoining land of the plaintiff; the remaining counts relate to water otherwise collected upon the defendant's land and discharged upon the adjoining land of the plaintiff.

This appeal relates solely to alleged errors in the charge dealing with the duty of the defendant in regard to rainwater collected upon the roof of her house. There was no controversy on the trial that the plaintiff and defendant owned and occupied adjoining premises; that the defendant maintained a house on her premises, the easterly side of which was a few feet from the division line between the premises; that the defendant maintained a cement walk along the easterly side of her house, running to within a few inches of the division line, with a pitch of one and a half inches toward the plaintiff's land, so that water falling upon the cement walk from the leaders of the defendant's house or otherwise, flows in whole or in part across the walk upon the plaintiff's land.

From the finding it appears that the jury could have found that the rainwater artificially collected in the gutters and leaders of the defendant's house, poured directly upon the cement walk and flowed directly upon the plaintiff's land in increased and injurious quantities; that the plaintiff's land was at a lower level than that of the defendant; that there was a perceptible downward grade from the defendant's land to the plaintiff's land, and the water flowing from the defendant's land would flow upon the plaintiff's land from natural causes because of the downward grade of the land; and that the sidewalk was constructed and laid in accordance with the natural

contour of the land and was not graded downward artificially.

The general principles of law relating to such a situation, gathered from our cases, may be stated as follows: A landowner cannot collect surface water in an artificial volume and turn it from its natural course in an increased volume upon his neighbor's land to his substantial injury. *Adams* v. *Walker*, 34 Conn. 466; *Stein* v. *Coleman*, 73 Conn. 524, 528, 48 Atl. 206; *Shea* v. *Gavitt*, 89 Conn. 359, 94 Atl. 360. "This is true, although no more water is collected than would have naturally flowed upon the property in a diffused condition, for it is evident that, while a given piece of land may receive a large amount of surface water without injury thereto, when it gently flows thereon from natural causes, yet when collected and discharged in considerable volume at a given point, it may become very destructive and injurious." 27 R. C. L. § 79, p. 1153.

The first and second reasons of appeal relate to the refusal of the trial court to charge the jury upon the defendant's request, as follows: 1. "The defendant has the legal right to maintain a pitched roof and also an ordinary leader or conductor for the purpose of conducting rainwater from said roof, and if the water coming from said roof or from said leader or conductor falls upon the defendant's own land, said water becomes surface water, and the defendant is not liable if it falls upon the land of the plaintiff, or if it percolates through the ground and into the plaintiff's property." 2. "If you find that the land of the plaintiff was at all times lower than that of the defendant, so that rainwater falling upon the defendant's land would naturally flow down upon the plaintiff's land, and if you find that the concrete walk on the defendant's land followed the grade and contour of the land, you will then not

hold the defendant liable because water flowed from the defendant's land to the plaintiff's land, for the reason that water would act in this way, even if there was no sidewalk laid, because of the natural downward grade of the land." The court correctly refused the first request, because the effect of such instruction would have been to inform the jury that if rainwater is collected in gutters and leaders from the roof of a house, and the leaders pour it upon the land of the house owner and it then flows directly in an increased and injurious quantity upon the adjoining land, the house owner, so collecting the water, would not be liable for injury so caused to a neighbor's land. The fact that surface water collected in an artificial volume by a landowner, passes in an increased volume over his own land and by the natural grade of the land upon the land of his neighbor to his neighbor's substantial injury does not relieve from liability the landowner who artificially collected the water. 40 Cyc. 651. For substantially the same reason the court properly refused to give the second request to charge.

The third reason of appeal is because the court charged the jury as follows: "If you find that the land of the plaintiff was at all times lower than that of the defendant, so that rainwater flowing upon the defendant's land would naturally flow down upon the plaintiff's land, and that the gutters, leaders and the concrete walk in no way contributed to a change in the natural flow of the surface water, then the defendant would not be liable for any damage which might result from the natural accumulation and distribution of surface water, but if the gutter, leader or cement walk contributed to the artificial collection and distribution of surface water which caused damage to the plaintiff, the defendant would be liable." This is, in substance, instructing the jury that if the defendant

artificially collected and distributed rainwater by her gutters and leaders and cement walk, so that it caused substantial injury to the land of her neighbor in flowing upon it, she would be liable. The law as stated above supports this instruction.

The fourth reason of appeal is that the court erred in the following instruction: "In substance, gentlemen, the law seems to be that when rainwater is artificially collected by any means, it must be reduced to its original volume upon the land of him who has so collected it, before he can escape liability for damage which it causes to others before it is so reduced."

The purport of this instruction is, that when a landowner artificially collects water upon his own land, in order to avoid liability he must cause it to be so diffused that it will pass from his land upon that of his neighbor as it would originally have done if not so collected. This statement of law is not accurate in detail, because the diffusion required of artificially collected surface water need only be to such an extent as to prevent this water passing in an increased volume upon the neighbor's land to his substantial injury. There could be no substantial claim in this case that the artificially collected rainwater had been so diffused as to relieve the defendant of liability. It was not controverted that the defendant had collected rainwater in gutters and leaders from the roof of her house, closely adjoining the premises of the plaintiff, and poured it out of the leaders upon a cement walk close to the plaintiff's land, which walk so pitched as to direct the water directly upon the plaintiff's land. The case therefore was not one of artificially collected surface water, later diffused before being allowed to flow upon the neighbor's land. The court elsewhere correctly charged the jury as to the law relevant to

the situation presented by the evidence in the case. The defendant could not have been harmed by this instruction.

There is no error.

In this opinion the other judges concurred.