JOSEPH HURWITZ *vs.* RAPHAEL DE FEO ET AL.

First Judicial District, Hartford, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The parties were at issue respecting the ownership of a driveway about six feet in width between their respective buildings. The trial court found that for more than a score of years before the bringing of the action, and as far back as the memory of witnesses ran, the driveway had been used continuously, as their own, by the plaintiff and by his predecessors in title, and that such user was adverse. *Held* that these facts amply justified the conclusion, drawn by the trial court, that the plaintiff had acquired title to the driveway by prescription.

Argued January 4th—decided February 11th, 1922.

SUIT to restrain the defendants from interfering with the plaintiff in the use of a driveway upon his premises, and for damages, brought to and tried by the Superior Court in Hartford County, *Haines, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant De Feo. *No error.*

*J. Gilbert Calhoun,* for the appellant (defendant De Feo).

*Sidney E. Clarke,* for the appellee (plaintiff).

PER CURIAM. The plaintiff's cause of action required proof on his part of his ownership in a driveway about six feet in width which runs east from Front Street in Hartford, between plaintiff's and defendants' buildings; the plaintiff claimed that his boundary line is the fence on the south edge of this driveway, while the defendant De Feo claimed that his boundary line is the north edge of this driveway.

The finding does not establish a title by deed or grant. The appeal does not question the accuracy of the finding. "For more than a score of years," the finding recites, "before the bringing of this action and as far back as the memory of witnesses runs, this driveway has been used continuously, as his own, by the plaintiff and his predecessors in title." In addition to this long-continued unexplained use as his own by the plaintiff, the trial court has found that it was adverse. The facts found amply justified the trial court's conclusion that plaintiff has title to this driveway by prescription. *Villany* v. *D'Amelio,* 96 Conn. 680, 115 Atl. 428.

There is no error.