Egelston *v.* Duggan.

---

VERA EGELSTON *vs.* MARY E. DUGGAN ET AL.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The compaint alleged that, as a result of the negligent operation of the defendant Duggan's automobile, the plaintiff sustained injuries consisting of "ecchymosis" over various parts of the body and limbs, causing soreness and lameness, and "nervous hypertension and shock." The only testimony as to these technical terms was the statement of a physician called by the defendants who explained that "ecchymosis" means a "black and blue spot" and that "nervous hypertension" is an ambiguous term meaning, possibly, increased blood pressure due to nervousness. *Held* that these allegations were not sufficient to give the defendants

fair notice of the claim made by the plaintiff at the trial that, as a result of the accident, she was suffering from an affection of the sciatic nerve commonly known as sciatica.

The jury returned a verdict for the plaintiff for $2,000, which was reduced to $1,500 by a *remittitur* ordered by the trial court. *Held* that, upon the evidence as to the elements of damage other than sciatica, the verdict, even as reduced by *remittitur,* was clearly excessive.

Argued October 4th—decided November 4th, 1927.

ACTION to recover damages alleged to have been caused by negligence of the defendant Ellen Connor, as the agent of the defendant Duggan, in operating an automobile owned by the latter, brought to the Superior Court in Hartford County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*Samuel Campner,* with whom, on the brief, were *Daniel Pouzzner* and *Louis Godfried,* for the appellants (defendants).

*David A. Cronin,* for the appellee (plaintiff).

HINMAN, J. The discussions and conclusions regarding the motion to set aside the verdict as against the evidence and as to the illustration employed in the charge, contained in the opinion in the case of *Robert Aldrich* v. *Duggan, ante,* p. 17, and with which the instant case was tried in the Superior Court and argued here, are equally applicable to this case and need not be repeated. The verdict of $2,000 originally rendered was reduced to $1,500 by *remittitur* ordered by the trial court upon the motion to set aside the verdict. Whether the verdict, as so reduced, is still to be regarded as excessive will be considered subsequently.

The allegations of the complaint pertaining to the injuries claimed to have been sustained by the plaintiff

in the automobile collision in question were framed in technical language. They set up "ecchymosis" over various parts of the body and limbs, causing soreness and lameness, and "nervous hypertension and shock."

During the direct testimony of the plaintiff she stated that she was still under the care of a physician, and being inquired of as to what she was then suffering from, replied "from sciatic rheumatism and a nervous breakdown." Before proceeding to cross-examine upon this subject defendants' counsel requested the court's opinion as to whether it was necessary to do so, in view of the complaint, which contained a number of medical terms of which he did not know the meaning but which he assumed did not include a claim of sciatica. The court ruled: "Suppose you let it go for now. If, later in the case, you feel, on account of any developments, you should cross-examine further on it, I will permit you to do so." In accordance with this suggestion the line of cross-examination was not pursued.

Subsequently, a statement in a deposition of the plaintiff's attending physician that in the summer following the accident (which occurred on October 31st, 1925) the plaintiff had developed a trouble with the sciatic nerve of the hip directly over the area where a large amount of black and blue had been found after the accident, was objected to by defendants on the ground that the complaint contained no allegation supporting a claim for sciatica. Thereupon the court ruled: "I will allow the reading of the deposition to proceed at this time without prejudice to your making any motions subsequently. I think we have still to learn a little more about this language before I can definitely rule on it." The reading of the deposition was then completed, including an opinion by the witness that plaintiff's difficulty with the sciatic nerve was

attributable to the injury she had received in the accident.

No explanation of the technical terms used in the complaint was made until a physician called by the defendants testified that "ecchymosis" means "a black and blue spot." Being asked, further, the meaning of "nervous hypertension," he replied, "I don't know. Hypertension means increased blood pressure, but what a nervous increased blood pressure may be I don't know. It may mean hypertension due to nervousness."

Presumably because of a justifiable belief that, in view of this evidence and the previous rulings by the court above mentioned, sciatica as an element of damage was not regarded by the court as within the allegations of the complaint, and having no intimation to the contrary until the charge, hereinafter quoted, was given, the defendants made no request to cross-examine the plaintiff on the subject of sciatica, and offered no evidence pertaining thereto; neither did they save an exception to the ruling admitting the portions of the deposition above referred to, nor move to strike out the evidence relating to sciatica. However, they did request a charge that "no verdict should be given for the plaintiff for any claim of sciatica, as there is nothing in the complaint that makes any such claim." The court, instead of complying, charged that "the allegations of the complaint are sufficiently broad to cover pain and suffering . . . from her sciatic nerve, provided you are satisfied that the evidence connects this pain and suffering and injury to this nerve with the accident in such a way as to make it the result of the accident and not from any other cause." The refusal to charge as so requested and the charge so given are assigned as error, and we are unable to agree with the trial court's construction of the complaint as stated in the charge. Upon the uncontradicted testimony,

Egelston *v.* Duggan.

quoted above, of the only witness skilled in medical nomenclature who undertook to translate the technical terms into language understandable by the court and jury, we think that the allegations in question fail to give the defendants the fair notice to which they were entitled if claim was to be made not only for the physical injuries described and for accompanying and continuing nervous shock, in the familiar and accepted sense of that term, but also for sciatica,—a distinct and commonly known affection of a particular nerve, which developed months after the original injury. Of course, if this manifestation had causal connection with the original injury, the plaintiff would be entitled to allege and claim it as an element of damage and recovery, but we regard such a claim as being neither expressly nor by fair implication embraced within the allegations of the complaint as framed. The request to charge should have been granted, in substance, and the charge which was given instead was erroneous. *Longstean* v. *McCaffrey's Sons*, 95 Conn. 486, 490, 111 Atl. 788; *Stein* v. *Coleman*, 73 Conn. 524, 529, 48 Atl. 206. Upon the evidence as to the elements of damage other than sciatica, the amount of the verdict, even as reduced by *remittitur*, was clearly excessive.

There is error and a new trial is ordered.

In this opinion the other judges concurred.