[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13535
In this action the plaintiff Palmieri Cove Associates, LLC, (Palmieri) has brought suit against the defendant Harbor Point Marina, LLC (Harbor Point) in two counts. The first count seeks to quiet title pursuant to Conn. General Statutes § 47-31, and the second count alleges a trespass. By way of relief the plaintiff is seeking monetary damages, an order that the defendant remove the portion of its building which encroaches on the plaintiff's property, and an order determining title to the property on which the encroachment stands. The defendant has not admitted any of the significant allegations of the complaint and raises several special defenses, one of which is a claim of title by way of adverse possession. The court's ruling with respect to that special defense is dispositive of this case.
The court finds that the following facts have been proven. The plaintiff Palmieri owns property known as 8 Cove Street in the City of New Haven. The defendant, Harbor Point owns property known as 14 Cove Street located adjacent to the plaintiff's property. Each lot has frontage on the New Haven harbor. A portion of a dwelling house located on the defendant's property encroaches on the plaintiff's property.
Prior to 1978, the property at 8 Cove Street, now owned by the plaintiff; was owned by Nicholas M. Rascati and his wife Rita Rascati, and the property at 14 Cove Street was owned by their son and stepson, Nicholas J. Rascati, and his wife Camilla Rascati. Each lot contained a home occupied by the respective owners. The father and son operated a marina that ran across both properties at the front part of the lots facing New Haven harbor.
In 1978 Nicholas J. Rascati put an addition on his home at 14 Cove Street. He did not obtain a building permit and was unaware that the addition encroached on his father and stepmother's property at 8 Cove Street. The addition, which is between 15 and 20 feet long, runs at a slight angle to the property line so that while the southern corner of the addition is within 14 Cove Street by about 7 inches, the northerly corner protrudes into 8 Cove Street by about 3.6 inches. The portion of the building which gradually encroaches on 8 Cove Street up to a maximum depth of 3.6 inches is between 5 and 7 feet in length. In addition, a chimney which is located on the side of the addition is over the line by an average of 2.1 feet. Nicholas M. Rascati and his wife Rita were not aware that the addition encroached on their property.
Nicholas M. Rascati transferred 8 Cove Street to his wife Rita in 1983. Rita Rascati sold the property to Patrick Palmieri in 1998, and Patrick Palmieri transferred the property to the plaintiff corporation on CT Page 13536 October 16, 2000. Nicholas J. Rascati and his wife sold 14 Cove Street to the defendant in 1999.
As indicated above, the father and son had jointly operated a marina that ran across both properties at New Haven harbor. After the father died in 1984 the son and his stepmother Rita had a dispute over the continued operation of the marina insofar as it involved 8 Cove Street. Various documents were filed on the New Haven land records which resolved this dispute. However, the dispute and these documents concerned the operation of the marina and had nothing to do with the encroachment. Nicholas J. Rascati ceased operating the marina in 1987. None of the various owners of the properties were aware of the encroachment until 2000. At no time relevant to the issues in this case was there any common ownership of either 8 Cove Street or 14 Cove Street. Since neither Nicholas M. Rascati or Rita Rascati were aware of the encroachment they did not consent to or permit the encroachment.
Although the finding of the court with respect to the second special defense applies to both counts of the complaint, the court also finds that the encroachment is very slight and that the plaintiff has failed to prove any damages.
The encroachment finally came to light in February, 2000 when Patrick Palmieri ordered a land survey in connection with installing a fence between the two properties. This action was brought in March, 2001.
In its second special defense the defendant claims that it has acquired an easement by prescription on the very small portion of the plaintiff's property where the encroachment is located.
The law is clear with respect to the burden placed on a party who claims a prescriptive right in real property by adverse possession.
 The plaintiffs had the burden of proving a prescriptive right to use the defendants' property. See Shea v. Gavitt, 89 Conn. 359, 363, 94 A. 360
(1915). To sustain their burden, the plaintiffs were required to establish that their use of the defendants' property was open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. Reynolds v. Soffer, 190 Conn. 184, 187, 459 A.2d 1027 (1983). Whether these requirements have been met in a particular case presents a question of fact for the trier of facts. Swenson v. Dittner, 183 Conn. 289, 294, 439 A.2d 334 (1981).
CT Page 13537Roman v. Johnson, 48 Conn. App. 498, 501 (1998).
The court notes that Roman involved the use by the plaintiff of a parking lot and stairway which were located on property owned by the defendant.
 [T]he standard of proof for proving title by adverse possession is "clear and positive proof." Roche v. Fairfield, 186 Conn. 490, 498, 442 A.2d 911 (1982); Whitney v. Turmel, 180 Conn. 147, 148, 429 A.2d 826
(1980); Wadsworth Realty Co. v. Sundberg, 165 Conn. 457, 462, 338 A.2d 470 (1973).
Clark v. Drska, 1 Conn. App. 481, (1983-1984).
The court finds that the defendant has proven by clear and positive proof that the use by it and its predecessor in title of the portion of the defendant's property occupied by the encroachment, as described above, has been open, visible, continuous and uninterrupted for more than fifteen years and made under a claim of right. Accordingly, the court finds that the defendant has proven by clear and positive proof that he has acquired title to such property by adverse possession.
Judgment may enter in favor of the defendant.
By the Court,
William L. Hadden, Jr. Judge Trial Referee